ANDERSON *v.* ETTRIDGE.

WILLS—CONSTRUCTION—LIFE ESTATE.

* A husband devised certain real estate to his wife, to be used by her as a homestead, or for her benefit, if rented, so long as she should live. The will also charged upon her the payment to testator's sister of one-half the rental value, and authorized her, at her option, to sell the real estate, and divide the proceeds equally between herself and his sister. The testator's widow occupied the land as a homestead until her death. *Held,* (1) that the will conveyed a life estate; (2) that the interest devised to the sister ceased with the death of the widow; (3) that the testator's heirs take the land.

Appeal from Wayne; Frazer, J. Submitted December 6, 1900. Decided December 31, 1900.

Bill by William B. Anderson against William Ettridge, Sarah Anderson, John Camlin, Fannie Camlin, and others to construe the last will and testament of James Grills, deceased. From the decree rendered, all parties, except defendant Ettridge, appeal. Reversed.

James Grills died testate in March, 1868. He had no children. He left a widow, who had one child by a former marriage, the defendant William Ettridge. The other defendants are the heirs at law of said James Grills. He owned at the time of his death a house and lot in the city of Detroit, of the value of $2,500. The will reads as follows:

"I do give and bequeath to my beloved wife, Eliza, my house and lot on Second street, No. 150, in the city of Detroit, county of Wayne, and State of Michigan, to be used by her as a homestead, or for her benefit, if rented, so long as she may live; and so long as said house and lot shall be used by my said wife as a homestead, or rented

---

* Head-note by GRANT, J.

for her benefit, it is my wish and request that my said wife, Eliza, shall pay to my beloved sister, Sarah Anderson, or to her attorney or representative, the value of one-half the rental of said house and lot, to be paid quarterly; and in case my wife, Eliza, shall at any time choose to sell said house and lot, I do bequeath and give to my said sister, Sarah Anderson, one-half of the proceeds received from the sale of said place, my wife retaining the other half; and, in case of the death of my said sister before her children shall become of age, the one-half the rental of said house and lot quarterly shall be paid to the children of my sister, Sarah Anderson, in equal parts to each; and should said house and lot be sold after the death of my said sister, and before the children shall become of age, then one-half the price received for the same shall be paid to the guardian or legal representative of said children, for their benefit.   It shall be optional with my beloved wife to keep or sell said house and lot, as she may prefer, and in either case the quarterly rent or price paid for said place shall be as above set forth.   Should my wife outlive my sister, Eliza [Sarah], and after her children shall all become of age, my said wife is not to pay to her said children any rental or part of price of land if sold.   My said sister shall pay one-half the taxes, interest on mortgage, and insurance while receiving the rent from said house and lot.   Hereby revoking all other wills."

His widow occupied the premises until her death, in 1899. She did not rent or sell the premises. She paid none of the rental value provided for in the will, nor did Mrs. Anderson, who is still living, make any demand for it. The bill is filed to obtain a construction of the will. The learned circuit judge held that the widow, under the will, took the fee in the land, and that her son inherits it.

*John H. Patterson*, for complainant.

*Samuel J. Patterson*, for defendant Sarah Anderson.

*Charles R. Robertson*, for defendants Camlin.

*A. B. Hall*, for defendant Ettridge.

GRANT, J. (*after stating the facts*). We are of the opinion that the estate devised was for life only. The

same sentence, the first clause of which, standing alone, would convey the fee, expressly limits the devise to the use of the land as a homestead for life, or, at the option of the devisee, to rent it for her benefit during her life. This life estate was also charged with the payment to the testator's sister of one-half the rental value. The testator evidently did not desire to limit his wife to a life estate, should she prefer to take in lieu thereof one-half the value of the premises, and therefore attached to the bequest a power of sale optional with her to exercise. Attached to this power of sale was also the duty to divide the proceeds with his sister. The widow chose not to avail herself of this option, but to retain the life estate. The power of sale is not controlling, but is only one fact to be considered in interpreting a will. The will makes no provision for the sister beyond the life of the wife. The sister, therefore, has no interest in the land except as heir. We think this case is controlled by *Jones* v. *Deming*, 91 Mich. 481 (51 N. W. 1119). In that case the power to sell was conditioned upon the necessity of the wife. In this case the power is conditioned upon the voluntary act of the wife, and until that voluntary act had been performed she took only a life estate. The heirs of the testator are therefore entitled to the land.

The decree is reversed, and one entered in this court in accordance with the above opinion. We think no costs should be allowed.

The other Justices concurred.