## THE EMPIRE.

*(District Court, E. D. Michigan.  February 18, 1884.)*

ADMIRALTY—JURY TRIAL—REV. ST. § 566—VERDICT.
    The verdict of a jury, in an admiralty cause arising upon the lakes, and tried by jury pursuant to Rev. St. § 566, is merely advisory, and may be disregarded by the court, if, in the opinion of the judge, it fails to do substantial justice.  The practice of calling nautical assessors approved.

In Admiralty.  On motion for a new trial.

This was a libel for damages suffered by the barge James F. Joy, while in tow of the steam-barge Empire, and by reason of her alleged negligence.  The case was tried by a jury, pursuant to Rev. St. § 566, and a verdict returned for the libelant in the sum of $200.  Motion was made for a new trial, upon the ground that there was no evidence to justify the jury in rendering a verdict for so small an amount.

*H. H. Swan*, for the motion.

*James J. Atkinson, contra.*

BROWN, J.  By Rev. St. § 566, "in causes of admiralty and maritime jurisdiction relating to any matter of contract or tort arising upon or concerning any vessel of 20 tons burden and upwards, enrolled and licensed for the coasting trade, and at the time employed in the business of commerce and navigation between places in different states and territories upon the lakes, and navigable waters connecting the lakes, the trial of issues of fact shall be by jury when either party requires it."  This somewhat unfortunate clause was introduced by the revisors into the statutes from a hasty *dictum* of Mr. Justice NELSON in the case of *The Eagle*, 8 Wall. 25.  In delivering the opinion of the court he remarked "that we must therefore regard it (the act of 1845) as obsolete and of no effect, with the exception of the clause which gives to either party the right of trial by a jury when requested, which is rather a mode of exercising jurisdiction than any substantial part of it."  The history of the incorporation of this *dictum* into the Revised Statutes is fully given in the case of *Gillett* v. *Pierce*, 1 Brown, Adm. 553.  But, whatever be the origin of the clause in question, there is no doubt that it is the law of the land and must be respected as such.  There has been great difficulty, however, in determining in what cases and in what manner it is to be given effect.  It creates what appears to be a very unjust discrimination in favor of the particular classes of vessels and causes of action enumerated in the act.  Why it should be given in actions of contract and tort, and denied in those of salvage, general average, and prize, and why it should be limited to American vessels plying between domestic ports, and denied to all foreign, vessels, and to American vessels engaged in foreign trade, it is impossible to conceive.  *The Eagle, supra.*

A still more serious objection to the clause as it now stands arises from the fact that no provision is made for the review of cases so tried. If the same weight is to be given to the verdict of a jury impaneled under this act, that is given to a verdict in a common-law case, then it clearly falls within the inhibition contained in the seventh amendment to the constitution, that "no fact tried by a jury shall be otherwise re-examined in any court of the United States than according to the rules of the common law." As there is no provision for a writ of error in this class of cases, the defeated party would be remediless. This question was, however, passed upon in the case of *Boyd* v. *Clark*, 13 FED. REP. 908, in which the defeated party took both an appeal and writ of error to the circuit court. Mr. Justice MATTHEWS, before whom the case was argued, dismissed the writ of error and allowed the appeal, holding that the fact that the case was tried by a jury made no difference in determining the remedy to which the defeated party was entitled. He further observed that the provisions regarding trials by jury, in the seventh amendment, applies only to common-law juries, and that, upon appeal, admiralty cases tried by a jury in the district court stand for trial in the circuit court precisely as if they had been tried by the district judge in person.

These objections to the act as it now stands, and the further one that there is probably no class of cases which a jury, as ordinarliy constituted, is so unfitted to deal with as actions for torts upon navigable waters, have been deemed so serious that the practice of trying admiralty causes by a jury has not obtained in the district court to any extent. This case, and that of *Boyd* v. *Clark, supra,* are, so far as I am informed, the only actions of tort tried by jury in this district during the almost 40 years in which the act has been in force. In lieu of this method of procedure, we have for several years past, in analogy to the trinity master system obtaining in the English court of admiralty, adopted the practice of calling to the assistance of the court, in all difficult cases involving negligence, two experienced shipmasters, who sit with the judge during the argument and give their advice upon the questions of seamanship or the weight of testimony. I believe a somewhat similar practice has obtained in some of the other district courts. *The Emily*, Olcott, 132. *The Rival*, 1 Spr. 128. The practice appears also to have received the sanction of the supreme court. *The Hypodame*, 6 Wall. 216–224; *The City of Washington*, 92 U. S. 31–38. I have frequently derived great assistance from the advice of nautical assessors myself, and have found this a most satisfactory and expeditious method of trying these cases.

The question still remains to be decided, however, what weight we shall give to the verdict of a jury impaneled under section 566. The question has never been directly decided; but in view of the opinion in *Boyd* v. *Clark, supra,* that their verdict is not binding upon the circuit court upon appeal, it seems to be a logical inference that it ought to be regarded in this court only as advisory. There is no rea-

son for giving it greater weight in one court than in the other. In chancery cases the province of the jury is said to be to "enlighten the conscience of the court," and as the court of admiralty is but the chancery of the seas, I see no reason why we should not give it the same effect here.

In the case of *Lee* v. *Thompson*, 3 Woods, 167, a supplemental libel was filed in the district court, upon which there arose a question as the validity of a certain assignment. The court made an order that the matter be tried by a jury, and it was tried accordingly. Upon appeal to the circuit court, Mr. Justice BRADLEY held that, although there was no power in the court of admiralty to try causes by jury, it was nevertheless proper to submit a question of fact to them for their opinion and advice; but that their decision was, after all, not conclusive, and the matter must be finally submitted to the judge of the court; citing *Dunphey* v. *Kleinsmith*, 11 Wall. 610.

In *Basey* v. *Gallagher*, 20 Wall. 670, a provision in a statute of Montana, declaring that an issue of fact "shall be tried by a jury, unless a jury trial is waived," was held not to require the court in equity cases to regard the findings of the jury as conclusive, though no application to vacate the findings be made by the parties, if, in the judgment of the court, such findings are not supported by the evidence. In delivering the opinion of the court Mr. Justice FIELD observed that "if the remedy sought be a legal one, a jury is essential, unless waived by the stipulation of the parties; but if the remedy sought be equitable, the court is not bound to call a jury; and if it does call one, it is only for the purpose of enlightening its conscience, and not to control its judgment. * * * Ordinarily, where there has been an examination before a jury of a disputed fact, and a special finding made, the court will follow it. But whether it does so or not must depend upon the question whether it is satisfied with the verdict. Its discretion to disregard the findings of the jury may undoubtedly be qualified by statute; but we do not find anything in the statute of Montana, regulating proceedings in civil cases, which affects this discretion."

While the language of the section (566) is peremptory, that either party is entitled to a jury trial, it is no more so than was the statute of Montana; and yet, notwithstanding the absolute right to a jury trial given by this statute, it was held that the jury was merely advisory. See, also, *Dunn* v. *Dunn*, 11 Mich. 284.

In the case under consideration the verdict of the jury was not consonant with any theory upon which the case was tried. If the jury had found there was no negligence, it was their duty to have returned a verdict for the defendant. If they found the tug was in fault, they should have returned a verdict for the damages suffered by the libelants, which the testimony showed were not less than $800; and if demurrage were included, were nearly $1,500. There was no evidence in the case to justify a verdict of $200; and it must be set aside.