## GODSHALK *v.* AKEY.

WILLS—CONSTRUCTION—LIFE ESTATE.

A bequest to the testator's wife of "the sum of $2,000, the interest on said sum, at the rate of 7 per cent. per annum, to be paid to her annually during her life, and in case the $140 per year shall not be sufficient for her comfortable support and maintenance, or if, in case of sickness or feebleness of health, she shall need more than the interest on said sum, then she shall use so much of the principal as is necessary for her support and maintenance, and the payment of her needed medical attendance and funeral expenses," vests in the wife only a life estate in the fund, coupled with a right to use such part of the principal as her needs require.

Appeal from St. Joseph; Yaple, J.    Submitted April 23, 1896.    Decided May 19, 1896.

Bill by Josiah Godshalk against Alfred Akey, administrator of the estate of Ellen Godshalk, deceased, to construe the will of Jacob Godshalk, deceased. From the decree rendered, defendant appeals. Modified and affirmed.

*David Knox,* for complainant.

*H. P. Stewart* (*Alfred Akey,* of counsel), for defendant.

HOOKER, J. Josiah Godshalk, the son and executor of Jacob Godshalk, deceased, filed the bill in this cause for a construction of his father's will, which was probated in the county of St. Joseph, in this State, in the year 1881. Letters testamentary were issued to the complainant at that time, and he proceeded with the execution of the trust, seasonably distributing the estate under the order of the probate court, with the exception of the fund of $2,000, which he retained as a provision for testator's widow, and which sum is the subject of this controversy. The widow, Ellen Godshalk, died on September 16, 1894, in Pennsylvania, where she had resided for some years, and one Akey was appointed administrator of her estate, at Centerville, St. Joseph county, Mich., on December 28, 1894, and demanded from the complainant the payment of said sum of $2,000 as an asset of Ellen Godshalk's estate. The question turns upon a construction of the will of Jacob Godshalk, of which the first is the important clause. It is as follows:

"*First.* I give and bequeath to my wife, Ellen Godshalk, the sum of two thousand dollars, the interest on said sum of two thousand dollars, at the rate of seven per cent., to be paid to her annually each year during her natural life; and in case the said sum of one hundred and forty dollars per year shall not be sufficient for her comfortable support and maintenance, or if, in case of sickness or feebleness of health, she shall need any more than the interest on said sum of two thousand dollars, then she shall use so much from the principal thereof as is

necessary for her support and maintenance, and the payment of her needed medical attendance and funeral expenses. I further give and bequeath to my said wife, Ellen, so much of the household furniture as she may need, to be selected by her, not exceeding the value of one hundred and fifty dollars."

The bill alleges the retention and investment of the fund of $2,000 by complainant, and annual payment of $140 to Ellen Godshalk, and avers that, by the death of Ellen Godshalk, it became his duty to close up the estate of Jacob Godshalk, and distribute the amount that should remain, after the payment of proper charges and expenses, including his own compensation for services in and about the trust. It also states the demand and claim made by the defendant, and prays a construction of the will, and a determination of the complainant's compensation.

The answer of the defendant leaves the complainant to his proofs as to most of the matters stated in the bill, but asserts that there was no limitation upon the bequest of $2,000 to Ellen Godshalk, and that the sum now belongs to her estate; that such sum constitutes her entire estate; that for several years before her death she was old and feeble, and was cared for by her son, who, at the time of filing said answer, had a claim before a court in Pennsylvania, for his services, exceeding in amount this fund; and that such son is not the only heir of Ellen Godshalk. The answer prays a decree that the fund be paid to the defendant, for distribution as the law directs.

Very little testimony appears to have been taken, the oral testimony being summed up in the following:

" Josiah Godshalk was sworn as a witness for complainant in said cause, and, being examined in open court, gave evidence tending to show that no request or demand was at any time made by Ellen Godshalk, or by any one on her behalf, in her lifetime, on him, as executor and trustee of said fund of $2,000, for any part of the principal of the same, to be used in her support and maintenance, or for any purpose; and also evidence tending

to show the presentation to him, as executor of the estate of Jacob Godshalk, after the death of said Ellen Godshalk, by Andrew A. Bruch, a son of said Ellen Godshalk, of the account following, marked ' Exhibit A,' and the modified statement of said account, marked ' Exhibit B;' such evidence being introduced for the purpose of showing how said bequest was treated by Ellen Godshalk in her lifetime, and by Andrew A. Bruch, a son of said Ellen Godshalk, and one of the heirs of her estate, after her death."

The circuit court sustained the complainant's contention as to the construction of the will, viz. :

"That the true intent and meaning of said testator, as expressed in said will, was to vest, and in legal effect vested, the title to the residue of said fund, that remained upon the death of Ellen Godshalk, in the residuary legatees named in the fourth clause of the will of Jacob Godshalk, aforesaid; and the same passed, as residue of his estate, under said residuary clause, and to the persons therein named, subject only to the limitations and restrictions of said fourth clause."

It was also found that—

"Upon the argument of said cause, no question was raised or submitted, under the pleadings and proofs, as to the right of any person or persons to any portion of said fund on account of care and expense attending the last sickness or funeral of said Ellen Godshalk; such questions being expressly waived in this proceeding, as not being raised by the pleadings and proofs, the sole purpose of the same being a construction, as heretofore found."

The following order was made as to compensation and costs, viz. :

"I further find, and it is ordered, adjudged, and decreed, that complainant is entitled to compensation out of said fund for his care and management of the same, and, upon consideration of the premises, hereby fix such compensation, up to the date of this decree, at the sum of one hundred and seventy-five dollars, and that said fund is also chargeable with complainant's solicitor's fees, and the costs and expenses of this proceeding, and of

all such further proceedings as may be had or taken to secure a final legal distribution of said fund."

And it was ordered:

"That the foregoing stand as the true construction of said will, and that said fund be distributed in accordance therewith. And it is further ordered, adjudged, and decreed that complainant pay the register's fees in this cause, to be taxed, and that the amount thereof, together with the amount herein fixed as his compensation, and such sums as may be required for reasonable solicitor's fees, and for costs and expenses attending this proceeding and the final distribution of said fund, and his discharge from the trust relating thereto, shall be allowed to him, as having been legally paid out of said fund."

Under the uniform decisions in this State, we must look for the intent of the testator. The clause in question convinces us that Jacob Godshalk intended that the sum of $2,000 should be so used as to be made productive, and, if feasible, maintained without diminution, if consistent with the comfortable support and maintenance of his widow, in sickness or in health. It is manifest that he intended some one besides the widow to have the custody of the fund, for he provided for payment of the interest to her. Under the will, there is no opportunity for saying that any one but the executor should perform that duty. Had the testator intended an absolute gift of $2,000, which should, if not expended, belong to the estate of his widow, after her death, the provision for funeral expenses would probably have been omitted, as it would, in that view, be superfluous, as her own administrator would be the natural person to adjust and settle such claim. We are satisfied that this bequest was of a life estate only, though coupled with a privilege of using from the principal if occasion required, and therefore that the circuit court was correct in holding that the fund in complainant's hands does not of right belong to the estate of Ellen Godshalk. We also think the order of the circuit court in relation to compensation of the complainant, and costs, a reasonable one, which ought

not to be disturbed, and upon the testimony we find no warrant for passing upon the claim of Andrew A. Bruch.

The will provides for the payment of necessary sums for support, maintenance, and needed medical attendance and funeral expenses. Apparently Ellen Godshalk never asserted a claim for any sum beyond the interest, and we have doubts about the justice of allowing a claim by others which she did not choose to make during her lifetime, and while she was able to do so. Other provision may have been made by her for the expenses upon her last sickness and death. If not, they would seem to be a proper subject of a claim by the defendant against the fund, if he should be requested to pay them, subject, necessarily, to the conditions of the trust. But there is nothing upon this record warranting their recovery, and we cannot, therefore, determine the validity or amount of such claim. We think, however, that the trustee should hold the fund for the period of three months from the filing of the decree of this court, to afford an opportunity for the presentation and prosecution of such a claim, and until the determination of such claim if it be so prosecuted. If not so presented and prosecuted, the fund shall, at the expiration of said period, be distributed in accordance with the decree of the circuit court.

In other respects the decree of the circuit court will be affirmed, with costs.

GRANT, MONTGOMERY, and MOORE, JJ., concurred. LONG, C. J., did not sit.