*In re* BREWSTER'S ESTATE. [1]

1. APPEAL FROM PROBATE COURT — ADMINISTRATOR'S ACCOUNT — EXTRAORDINARY SERVICES—QUESTION FOR COURT.

On an appeal from the allowance to an administrator in his final account of a sum for extraordinary services, the question of fact as to whether any such services were rendered was properly reserved by the court for its determination, without submission to the jury.

2. SAME—FINDINGS OF FACT—EVIDENCE.

The circuit judge was justified in finding that the administrator rendered extraordinary services, entitling him to extra compensation, where it appeared that, for some time after the intestate's death, he advised with a surviving partner of the latter in respect to the partnership business, and entered actively into the management of the financial affairs of the firm, and, after a sale of the interest of the deceased, procured, through arbitration, a reduction of $1,000 in the amount of a claim for carrying on the business, preferred against the estate by the surviving partner.

3. EXECUTORS AND ADMINISTRATORS — DEPOSIT OF MONEYS — LIABILITY FOR INTEREST.

An administrator who deposits estate money, amounting to $36,-000, subject to check, instead of upon certificate, and allows it to remain in such account for 3 months and 12 days, is chargeable with interest thereon at bank rates.

4. SAME—ACCOUNTING—RES JUDICATA.

The administrator is not relieved from liability for such interest because the question was not raised upon the first accounting after the distribution of the principal among the heirs, but it is a proper charge against him in his final account.

5. COSTS ON APPEAL — PRINTING OF RECORD AND BRIEF — WHEN LIMITED.

The decision of the circuit judge being sustained save for a single modification, the number of pages of record and briefs for which appellant was allowed costs of printing was limited to that reasonably necessary to present the question determined in his favor.

---

[1] Rehearing denied January 18, 1898.

Error to Wayne; Lillibridge, J. Submitted April 7, 1897. Decided July 13, 1897.

Frances M. Britton appealed from an order allowing the final account of Albert Ives, Jr., as administrator of the estate of James E. Brewster, deceased. The order of the probate court was affirmed in the circuit, and said Britton brings error. Modified and affirmed.

*James H. Pound* (*Ralph Phelps, Jr.*, of counsel), for appellant.

*Dickinson & Thurber* and *Charles B. Warren*, for appellee.

MONTGOMERY, J. This is a proceeding to review an order allowing the final account of Albert Ives, Jr., administrator of the estate of James E. Brewster, deceased. The items of the account contested were a claim for extra compensation of $1,000, and a charge for attorney's fees for services rendered the estate. The estate was inventoried at $160,032.47. $63,091.90 consisted of the interest of the deceased in the partnership of Brewster & Stanton, a firm engaged in the wholesale clothing and furnishing trade in Detroit. There was $2,070.57 of other personal property, and the balance of the inventory was made up of real property. A large part of the personal property was converted into money, the debts of the estate paid, and the balance of the estate in a large part divided among the heirs prior to the 27th of February, 1888, at which time the administrator filed an account with the probate court. In that account he asked for $1,624.89 for services and expenses. The account was allowed as presented, leaving a balance in the hands of the administrator of $418.09. After this date a claim was made by Marvin M. Stanton against the estate, which was subsequently arbitrated, and this arbitration was not concluded until the 20th of April, 1891. On the 28th of July, 1891, the administrator filed his present account. The account

was allowed by the probate court, and an appeal was taken to the circuit, but the case was not brought on for trial until February, 1896. The circuit judge affirmed the order of the probate court, after having submitted to the jury the question of the reasonableness of the attorney's fees. The jury found the value of the attorney's fees to be as fixed by the probate court.

An exception was taken to the refusal of the circuit judge to submit to the jury the question of fact as to whether any extraordinary services were rendered for which compensation should be allowed the administrator, but we think the circuit judge followed the correct practice in determining this question.

The character of the services was very similar to those rendered in *Mower's Appeal*, 48 Mich. 441. It appears by the finding of the circuit judge that the copartnership still had one year to run at the time of the death of Mr. Brewster; that, immediately after his appointment, the administrator, being in the confidence of the surviving partner, continued to advise as to the value and condition of the property, and from that time until the sale of deceased's interest in the firm he advised with him almost every day, and frequently several times a day; that this advice covered the subject of purchases and sales, and, in general, the financial affairs of the firm; that the surviving partner did not feel himself capable of assuming the responsibility of that part of the business, and that the administrator actively entered into the management of that part of the business, in connection with the surviving partner, with the intention to give sufficient time to it to do it justice; and that this continued until the sale of the estate's interest, which occurred on the 2d of June, 1887. The surviving partner subsequently made a claim against the estate for $4,000 for carrying on the firm's business. The administrator disputed this claim, which was subsequently submitted to arbitration, and allowed in the sum of $3,000. The administrator proposed, and succeeded in carrying through, this arbitration. We think there was

sufficient evidence to justify the circuit judge in finding that this service was extraordinary and unusual, and, as was held in *Mower's Appeal*, 48 Mich. 451, where facts exist calling for the exercise of judicial discretion, we are not at liberty to interpose the judgment of this court in place of that of the circuit judge; certainly not except in the case of clear abuse, which does not appear here.

A number of assignments of error are based upon the rulings of the court in admitting testimony, but these need not be discussed, as we are convinced that no error was committed which has resulted in prejudice to the appellant in this regard.

We are not able to agree with the circuit judge as to one of the items. The court refused to charge the account of the administrator with interest. It appears by the testimony that, on the sale of the copartnership property, there was deposited in the bank with Ives & Sons, of which firm the administrator was a member, the avails of this sale, amounting to some $36,000, and that this sum remained on deposit for some 3 months and 12 days before it was divided among the heirs. It is true the testimony shows it was deposited subject to check, but it might have been deposited on certificate had the administrator taken the precaution to do so, and we think he should be charged with bank rates on this deposit, which are shown by the testimony to amount to $274.32. The circuit judge seems to have been of the opinion that this charge of interest should have been made at the first accounting; that the account then showed that this money had come into the hands of the administrator, and been disbursed; but we think the item is not in fact involved in the account, and it is not in accordance with the theory of the administrator that the account was final.

We think the allowance should be reduced in the sum of $274.32, and in other respects the order of the circuit judge will be affirmed. The appellant will recover costs of this court; but, as we think the record needlessly full for raising the only question upon which the decision of

the circuit judge was not sustained, the costs of printing the briefs and record will be limited to 50 pages.

The other Justices concurred.