*In re* PFEFFER'S ESTATE.

117   207
118   365

117   207
127   123

117   207
e138  148

APPEALS FROM PROBATE COURT—EXCEPTIONS TO ADMINISTRATOR'S ACCOUNT—ADVISORY VERDICT OF JURY.

That the circuit judge, on an appeal from the allowance of an administrator's final account, took the verdict of a jury as to the compensation to be allowed for attorney's services and the services of commissioners on claims, and allowed the amounts found by the jury, is no reason for disturbing the judgment, where there is nothing to indicate that the verdict was not satisfactory to the court, or that he regarded it as other than advisory.

Error to Wayne; Hosmer, J. Submitted April 5, 1898. Decided May 24, 1898.

Mary Loeser appealed from an order of the probate court allowing the final account of Frederick Zimmer, as administrator of the estate of Gustav Pfeffer, deceased. The order of the probate court was modified in the circuit, and the administrator brings error. Affirmed.

*Frank A. Noah* (*John G. Hawley*, of counsel), for appellant.

*James H. Pound*, for appellee.

LONG, J. Gustav Pfeffer died intestate; leaving a brother and sister, his heirs at law. His estate consisted of real estate valued at $6,000, and personal estate valued at about $11,000, all situate in the city of Detroit. Frederick Zimmer was appointed administrator, April 5, 1893. Commissioners on claims being appointed, claims of about $6,300 were presented for allowance against the estate. The administrator contested these claims, and employed Mr. Noah, an attorney of Detroit, as attorney for the estate in the matter. The commissioners allowed a por-

tion of the claims, and disallowed others, and appeals were taken to the circuit court by the claimants. Mr. Noah notified the heirs at law of these appeals, and stated that he was an important witness in the case for them, and advised the employment of other counsel. Mr. James H. Pound, of Detroit, was then employed by them, and he defended the cases in the circuit court for the heirs. Mr. Noah was present in court during the time of these trials, and was called as a witness, and testified, in behalf of the estate. After these cases were disposed of, the commissioners on claims presented their account for services to the judge of probate, and were allowed $75 each, which the administrator paid. The administrator then presented his final account for settlement; showing an indebtedness to Mr. Noah, for services, of $900, and to himself, as general and special administrator, $600. Deducting these and other accounts, it left a balance in his hands of $1,042.60. This settlement of final account was heard before Judge Carpenter, sitting as probate judge, and allowed as charged. From this decree Mary Loeser, one of the heirs at law, appealed to the circuit court for Wayne county.

The appeal came on to be heard in the circuit court before Judge Hosmer, and counsel for appellant stated that but three items of the account would be contested, viz.: The compensation allowed the administrator, the amount allowed for services of the attorney of the administrator, and the amount allowed for services of the commissioners on claims. Counsel for the administrator objected to the appeal being tried before a jury, claiming that the matters in dispute were not proper for the consideration of a jury. This was overruled, the court saying that he would treat the verdict of the jury as advisory. The jury rendered a verdict in the case by which they found that the estate owed to the attorney, Mr. Noah, the sum of $500, and to the two commissioners on claims $75. The court also made a finding in which it is stated that Mr. Zimmer, the administrator, performed no services to the

estate which would come under the term "extraordinary," and fixed his compensation at $300. The court further found that the administrator, being allowed credit for all charges and expenditures against the estate which he was entitled to, and charged with what he admits he should be charged, should pay over to the estate the sum of $2,017.55. On motion for new trial this sum was reduced to $1,781.28; so that the only questions here relate to the compensation to be allowed to the administrator, attorney, and commissioners.

It is contended that the court was in error in calling a jury in the case, and submitting the question to them as to the compensation to be allowed for attorney's services, and the services of the commissioners on claims. The court stated to the jury the questions they were to.pass upon. He said:

"I am a little in doubt as to the province of the court and the province of the jury in this particular case; but, at least, your verdict, if not binding upon the court, may be advisory, both as to the value of Mr. Noah's services, and as to the value of the services of the commissioners on claims."

The court then framed the following questions for the jury to answer: "(1) What is the value of Mr. Noah's services to the estate? (2) What are the services of the commissioners on claims reasonably worth?" The court, in submitting these claims, stated fairly what the testimony tended to show. As we have seen, the court reserved the question of the compensation of the administrator, and made a finding thereon without that question going to the jury.

In *Gott* v. *Culp*, 45 Mich. 265, it was held that certain matters in a guardian's account could not well be determined by a jury; and the same rule would apply to accounts of administrators. The allowance or disallowance of matters which are discretionary with the court could not be so submitted, and neither could a claim for

117 MICH.—14.

extraordinary services. *Wisner* v. *Mabley's Estate*, 70 Mich. 271. But it appears in this case that the court, in submitting the questions of fact to the jury, stated that the verdict would be at least advisory. There is nothing in this record to indicate that the verdict was not satisfactory to the court, or that the court did not receive it as advisory merely.

The administrator had included in his final account moneys due Mr. Noah for his services as an attorney. The testimony was conflicting, not only as to the extent of the services rendered, but also as to their value. Several attorneys were called to testify in the case as to such value, and they were not agreed as to the value. It became a question of fact for determination in the case. The administrator had the right, in the discharge of his trust, and in this instance it was his duty, to employ counsel in the litigation which was brought upon the estate.

The court found that the administrator performed no services which would come under the term "extraordinary," and, we think, very properly, under the facts shown.

While the statute (3 How. Stat. § 9023) provides the compensation to the commissioners on claims, yet it appears that the court disposed of that question as he did of the attorney fees, under the evidence given; taking the verdict of the jury as advisory thereon.

We see no reason for disturbing the judgment below. That judgment is affirmed.

The other Justices concurred.