McCARTHY *v.* KENT CIRCUIT JUDGE.

WATER-CRAFT ACT—COLLISIONS—ADVISORY VERDICT.

2 How. Stat. § 8261, provides that "all cases of  *  *  *  collision  *  *  *  arising under this act [ water-craft act ] shall be determined upon the trial or hearing, and upon appeal, according to the principles established in courts of admiralty and maritime jurisdiction in such cases." Section 8281 provides that "the proceedings and practice under this act shall be the same as in personal actions at law, except as herein otherwise provided, so far as the same may be applicable." Section 8259 provides that the trial shall be "by the court without a jury, unless a jury be demanded." *Held,* that the findings of a jury in cases of collision are merely advisory.

*Mandamus* by Michael G. McCarthy to compel William E. Grove, circuit judge of Kent county, to enter judgment in proceedings under the water-craft act in accordance with the findings of a jury. Submitted October 4, 1898. Writ denied October 18, 1898.

Two steamboats, the Major A. B. Watson and the Trixie, both pleasure boats, collided on Reed's Lake. The Trixie was injured. Her owner, the relator, brought

suit against the Watson under the water-craft act (2 How. Stat. chap. 285). Suit was commenced by filing a complaint, to which the owner of the Watson filed an answer. Relator demanded a jury, which was ordered. The parties, by consent, agreed to six special questions to be answered by the jury. They were not required to, and did not, render a general verdict. To the first question the jury found that the Watson was at fault for the collision; to the second that the Trixie was not at fault; to the third that the Trixie could not, by reasonable care, have avoided the collision; to the fourth that the damage to the Trixie was $162.50; to the fifth that the Trixie could have earned during the remainder of the day, but for the collision, $50; to the sixth that the Watson could have avoided the collision by the use of reasonable care. Relator moved the court for judgment on the findings of the jury. The court refused to accept the findings of the jury as conclusive, but only advisory, and found from the evidence that both boats and their masters were equally at fault for the collision, and that each should bear one-half of the damage suffered by the Trixie, and that neither party should recover costs, and entered a judgment upon the bond which had been given for $106.25.

*Charles O. Smedley* and *L. E. Carroll*, for relator.

*More & Wilson*, for respondent.

GRANT, C. J. (*after stating the facts*). Was the verdict of the jury conclusive and binding upon the court? This is the sole question presented. The statute provides that a "trial or hearing shall be by the court without a jury, unless a jury be demanded by either party." Section 8259. Section 8261 is as follows:

"All cases of general average, salvage, and collision, and all cases relating to sailors' wages or to the employment of seamen, arising under this act, shall be determined upon the trial or hearing, and upon appeal, accord-

ing to the principles established in courts of admiralty and maritime jurisdiction in such cases."

It is also provided:

"The proceedings and practice under this act shall be the same as in personal actions at law, except as herein otherwise provided, so far as the same may be applicable." Section 8281.

We think that section 8261 is conclusive against the contention of the relator. It provides that all cases of collision, whether upon trial or appeal, shall be determined according to the principles established in courts of admiralty and maritime jurisdiction. Cases arising under this section come within the exception mentioned in section 8281. It was said in the case of *The Empire*, 19 Fed. 560:

"In chancery cases, the province of the jury is said to be to 'enlighten the conscience of the court;' and, as the court of admiralty is but the chancery of the seas, I see no reason why we should not give it the same effect here."

Under a much more stringent provision it was held that the verdict of the jury in an equity case was simply advisory. *Basey* v. *Gallagher*, 20 Wall. 670. See, also, *The City of Toledo*, 73 Fed. 220; *Dunn* v. *Dunn*, 11 Mich. 284; *Brown* v. *Kalamazoo Circuit Judge*, 75 Mich. 274 (5 L. R. A. 226, 13 Am. St. Rep. 438). The verdict of a jury is only advisory in cases of accounting by administrators, executors, and guardians. *In re Pfeffer's Estate*, 117 Mich. 207.

There are other provisions of the water-craft law which throw some light upon the question. The court may refer any matter, during the progress of the cause, to an attorney or circuit court commissioner, to take evidence, and report the same to the court, with his opinion thereon; but his opinion shall not be binding on the court. Section 8260. So, in the case of an appeal to the Supreme Court, the case is heard *de novo*, and either party may take additional testimony, and the

court shall enter such judgment or decree as shall be just. Sections 8270–8274. If the verdict of the jury is conclusive in the circuit court, it ought, for the same reason, to be conclusive in the appellate court. The legislature could not have intended that the verdict should be conclusive in one court and not in the other. A statutory provision which would lead to such a result must be so clear as to leave no doubt as to its meaning.

The writ is denied, with costs.

The other Justices concurred.