## In re MALLARY'S ESTATE.

1. EXECUTORS AND ADMINISTRATORS—COMPENSATION.
    The question of the compensation of an executor or administrator is one for the court.

2. WILLS—LIFE ESTATE—GIFT—DIVERSION OF FUNDS—ACCOUNTING—VESTED REMAINDER.
    A testator gave the bulk of his estate, both real and personal, to his wife, "to use as she shall see fit, or so much of the same

as she shall need for her support, comfort, and maintenance" during her lifetime, the residue, after her death, to be divided equally among three persons, "or their legal heirs or representatives, in case either should die before final settlement." The widow was appointed executrix, and acted as such until her death. *Held:*

(1) That the widow did not take an absolute title to the property, and hence further administration, after her death, was proper.

(2) That a payment of $1,000 made by the widow to a residuary legatee from funds of the estate was properly charged against his distributive share on final settlement, though intended by the widow as a gift, and though she was possessed of property in her own right.

(3) That the widow had no authority to remit the interest on a mortgage owned by the estate; she being bound to account for the income of the estate as well as the principal

(4) That an estate in remainder vested in the residuary legatees at the testator's death, so that, in the event of the death of one of them before the widow, his share would pass to those then constituting his heirs at law, rather than to those who might sustain that relation to him at the termination of the life estate.

Error to Macomb; Eldredge, J. Submitted February 14, 1901; opinion filed June 17, 1901. Rehearing granted December 3, 1901; reargued January 29, 1902; former opinion affirmed March 4, 1902.

In the matter of the estate of Charles F. Mallary, deceased: Appeal of Charles R. Greene from the allowance of the final account of Dwight N. Lowell, administrator *de bonis non* with the will annexed. The judgment of the probate court was substantially affirmed in the circuit, and appellant brings error. Affirmed.

*James H. Pound,* for appellant:

The widow took an absolute estate, at least as to the personalty. *Jones* v. *Jones,* 25 Mich. 401; *Proctor* v. *Robinson,* 35 Mich. 291; *Sutphen* v. *Ellis,* Id. 446; *Jones* v. *Deming,* 91 Mich. 483 ( 51 N. W. 1119 ); *Forbes* v. *Darling,* 94 Mich. 622 ( 54 N. W. 385 ).

In any event, the estate did not vest in the remainder-

men until the widow's death, and, the devisee Flora having died in 1894, and her sole surviving issue in 1896, before the death of the widow, Flora's share passed to appellant, her brother and sole heir at law, rather than to her husband.

*T. M. Crocker* ( *Geer & Williams*, of counsel), for appellee:

Cited, on the question of the nature of the widow's estate, in addition to the cases mentioned in the opinion, *Glover* v. *Reid*, 80 Mich. 228 (45 N. W. 91); *McCarty* v. *Fish*, 87 Mich. 48 (49 N. W. 513). Also, to the point that the estate of the residuary legatees vested at the testator's death, *Rood* v. *Hovey*, 50 Mich. 395 (15 N. W. 525); *Porter* v. *Porter*, 50 Mich. 456 (15 N. W. 550).

HOOKER, J. Charles F. Mallary died, leaving a will, which contained the following provisions:

"*Third*. All the rest of my estate, both real and personal, of all kinds, or any other of which I shall be in possession of at the time of my decease, I give and bequeath to my wife, Nancy Mallary, to use as she shall see fit, or so much of the same as she shall need for her support, comfort, and maintenance during the whole term of her natural life, and her funeral charges and burial.

"*Fourth*. After the death of my wife, and all the foregoing items are settled and paid in full, I direct, give, and bequeath that all of my said estate, both real and personal, that may remain, shall be divided equally, share and share alike, between my adopted daughter, Frances A. Morton, and my nephew, Charles R. Greene, and my niece, Flora J. Greene, the wife of Charles H. Betts, or to their legal heirs or representatives in case either of them should die before the final settlement; and, if my said daughter should die leaving no direct heirs, then and in that case I direct that her share shall be divided between the said Charles R. Greene and Flora J. Betts, or their legal heirs and representatives.

"*Fifth*. In case that my wife should die before my decease, then and in that case I direct that all my estate, both real and personal, shall be disposed of according to the foregoing fourth section of this instrument.

"*Sixth*. I do hereby appoint my wife, Nancy Mallary, sole executrix of this, my last will and testament, without

bail or security, and, in case of her death before my decease, I appoint Charles R. Greene executor in her place and stead."

Mrs. Mallary qualified as executrix, and took possession of the property, which she kept in her custody and control until she died, except as she used it for her support, or made other disposition of it. Mr. Dwight N. Lowell acted as adviser, at the suggestion of the other legatees, who thought their mutual interests required that she have proper legal advice. He received a yearly retainer of $25, presumably paid from the estate by Mrs. Mallary. Upon the death of Mrs. Mallary, the persons interested had a meeting, at which it was agreed that Mr. Lowell should be appointed administrator *de bonis non*, with a view to converting the property into cash and dividing it. He consented to act in that capacity on the express understanding that he should not so act for the usual legal fees, and the agreement that he should have reasonable pay for his services. The controversy before us arises upon the hearing of his final account.

Counsel for the appellant, Greene, makes three general contentions, which we will consider. He contends:

*First.* That all of the property passed to Mrs. Mallary under the will absolutely; and that, she being the absolute owner, there was no unadministered estate of Charles F. Mallary calling for an administrator *de bonis non*, and that what Lowell did was in the capacity of an agent of the parties, and that he should look to them for compensation.

*Second.* He insists that, if this view should not be taken by the court, a charge of $1,000 and interest, made against the appellant, should not be sustained, it being claimed that the amount was a gift from Mrs. Mallary.

*Third.* Objection is made to the allowance of compensation to Mr. Lowell upon the ground that it is excessive.

The case was heard in part with a jury, and a verdict taken upon questions submitted by the learned circuit judge, after which more testimony was taken before him, and a finding of fact and law filed.

In none of the questions presented by this record, unless it be in relation to the $1,000 item, could a verdict of a jury be more than advisory.   The construction of the will was clearly for the court, and the allowance of compensation was also a matter for the court.   See *Ward* v. *Tinkham*, 65 Mich. 698 (32 N. W. 901); *In re Brewster's Estate*, 113 Mich. 561 (71 N. W. 1085); *In re Pfeffer's Estate*, 117 Mich. 207 (75 N. W. 454); *McCarthy* v. *Kent Circuit Judge*, 118 Mich. 365 (76 N. W. 756). The judge so treated them, and as to the other questions he followed the verdict.

We think that the circuit judge was not in error in holding that the testator did not intend to give Nancy Mallary the unqualified and absolute title to all of his property, and that there was occasion for further administration after her decease.   Counsel have cited the authorities, and they clearly support the conclusion of the circuit court.   *Schehr* v. *Look*, 84 Mich. 263 (47 N. W. 445); *Cousino* v. *Cousino*, 86 Mich. 323 (48 N. W. 1084); *Barnes* v. *Marshall*, 102 Mich. 248 (60 N. W. 468); *Godshalk* v. *Akey*, 109 Mich. 350 (67 N. W. 336); *Gadd* v. *Stoner*, 113 Mich. 689 (71 N. W. 1111); *Hull* v. *Hull*, 122 Mich. 338 (81 N. W. 89).

We think, also, that there was no injustice in the allowance of compensation.   See authorities hereinbefore cited.

During the period of the administration of the estate by Mrs. Mallary, the appellant, Greene, received from her the sum of $1,000.   He insists that this was a gift.   On the other hand, Lowell and Betts testified that, at the interview first mentioned, Lowell made up a statement of amounts which had been received by the various legatees from their statements, and Greene admitted that he had received this $1,000.   The bank books show that it was checked to him by Mrs. Mallary against the account of the estate.   It is said that Mrs. Mallary had means of her own, and that, instead of a charge against Greene on behalf of the estate, the estate must be reimbursed for this gift from her estate.   The jury found that he received

money belonging to the estate from Mrs. Mallary, and that she intended it as a gift. In the court's finding of law he held that, while the estate of Mrs. Mallary might be liable for any sum misappropriated from the estate of her husband, it was competent to apply the sum received by the appellant from the estate of Mr. Mallary upon his distributive share, together with any sum due from him to that estate as interest. We think these conclusions correct upon the facts found.

Was there error in submission to the jury ? The record contains all of the testimony, and we feel justified in saying, as was said by the court in the case of *In re Brewster's Estate*, 113 Mich. 564 ( 71 N. W. 1085 ), that, as to the question of compensation, "we are convinced that no error was committed which has resulted in prejudice to the appellant."

Among the assets of this estate was a mortgage of $2,200, or thereabouts, against appellant's wife. It was conceded that whatever should be found to be due upon it should be applied on appellant's distributive share; but it was contended that the interest was remitted by Nancy Mallary, and that she had the right to do this, because, as life tenant, the earnings of the estate were hers absolutely, at all events. She had the right to the possession of the estate, and to use what was necessary from the aggregate estate, as in the case of *Hull* v. *Hull*, but she was under obligation to account for the income as well as the principal.

There is a long list of errors assigned, but we find no others requiring discussion.

The order of the circuit court is affirmed, with costs against the appellant.

MONTGOMERY, C. J., MOORE and GRANT, JJ., concurred. LONG, J., did not sit.

### ON REHEARING.

PER CURIAM. Our former opinion implies that an estate in remainder vested in Flora J. Greene and others

at the death of Mallary. It has been the contention of counsel that a proper construction of the will would lead to a different conclusion; but, after a reconsideration of the question, we are of the opinion that our former view was correct, and our former order is therefore affirmed.

LONG, J., did not sit.