# JUNE TERM, 1909.[*]

---

*In re* FISCHER'S ESTATE.

APPEAL OF FISCHER.

1. ESTATES OF DECEDENTS — EXECUTORS AND ADMINISTRATORS — COMPENSATION.

    A trial by jury of the administrator's right to extra compensation is not contemplated by 3 Comp. Laws, § 9438.

2. SAME—AMOUNT—REVIEW.

    Except in a case of abuse of discretion, the amount of an allowance for extraordinary services, not required of an executor or administrator in the common course of his duty, is for the trial court.

Error to Wayne; Mandell, J. Submitted June 8, 1909. (Docket No. 5.) Decided July 15, 1909.

Alexander T. Fischer presented his final account as administrator of the estate of Emma Fischer, deceased. From the allowance of the probate court, he appealed to the circuit court. A judgment disallowing certain fees for extraordinary services is reviewed by said administrator on writ of error. Affirmed.

*William Look,* for appellant.

*Russel, Campbell, Bulkley & Ledyard,* for appellee.

MONTGOMERY, J. This is an appeal from an order allowing the final account of the administrator. The probate court allowed the administrator his statutory com-

---

[*] Continued from Vol. 157.

mission of $108.77, and for extra compensation, $74.11. The claim of appeal states the ground of appeal to be that the probate court disallowed the sum of $300 for extra compensation to which he was justly entitled. The circuit court on appeal increased this extra compensation to $150; but, it appearing that the administrator had used the funds of the estate in his own business, as a condition of such allowance charged him interest at the rate of 5 per cent.

Some errors are assigned upon rulings relating to the admission of testimony; but no reason is pointed out in the brief of counsel why these rulings were erroneous, and none occurs to us. It is entirely proper for the circuit judge to possess himself of all the information obtainable as to the manner of the administration of the estate as bearing upon the question of the administrator's right to additional compensation.

But two points are really pressed upon the argument. The first is that the court was in error not to permit a trial of the question on this appeal by a jury. As before stated, the appeal presented the single question of the sufficiency of the allowance for extra compensation. This question is peculiarly a question depending upon the discretion and judgment of the trial court; the statute (3 Comp. Laws, § 9438) providing that in all cases such further allowances may be made as the judge of probate may deem just and reasonable, for any extraordinary services, not required of an executor or administrator in the common course of his duty. The question is not new in this State. As was said in *Mower's Appeal*, 48 Mich. 441 (12 N. W. 646), referring to this statute, it was never contemplated that when the case reaches the circuit court the judgment of a jury might be substituted for the discretion of the judge in respect to such allowances. This case is followed in *Loomis* v. *Armstrong*, 63 Mich. 355 (29 N. W. 867); *Wisner* v. *Mabley's Estate*, 70 Mich. 271 (38 N. W. 262); and *In re Brewster's Estate*, 113 Mich. 561 (71 N. W. 1085).

It is urged that upon this record the allowance is inadequate.    This question was likewise a question for the trial court, except in case of abuse of discretion.    See *Mower's Appeal, supra; Bacon* v. *Kent Probate Judge,* 100 Mich. 183 (58 N. W. 835); *In re Brewster's Estate, supra.*    We unhesitatingly say that this is not a case of abuse of discretion on the part of the trial court, but, on the contrary, that the allowance was liberal under the circumstances presented by this case.

The judgment is affirmed, with costs.

OSTRANDER, HOOKER, MOORE, and BROOKE, JJ., concurred.