*In re* McNAMARA'S ESTATE.

MICHIGAN TRUST CO *v.* McNAMARA.

1. Trial — Demand for Jury — Practice — Continuance — Adjournment to Subsequent Term.

On the adjournment of a cause at the request of appellant's attorney for a week during which a new term commenced, at which the cause was noticed for trial and a jury demanded, although no demand for a jury had been filed at the term during which the cause was originally noticed for trial, the cause properly stood for trial as a nonjury case and a jury was properly refused to appellant.

2. Same — Executors and Administrators — Estates of Decedents.

· It is for the court, not for a jury, to determine whether fees paid to commissioners on claims by the administrator of an estate and amounts disbursed for legal services were reasonable.

3. Appeal and Error—Saving Questions for Review—Exceptions—Assignments of Error.

Objections made on appeal to proceedings on the trial of an administrator's account, not based on exceptions and assignments of error, are not considered in the Supreme Court.

4. Estates of Decedents—Commissioners on Claims—Fees.

*Held* that the conclusion of the trial court allowing extra compensation to the commissioners on claims was supported by the evidence.

5. Same—Special Account—Res Judicata.

Where a special administrator, in presenting a final account, included therein, as estimated liabilities, fees due to attorneys and after the allowance of the final account in probate court and, pending an appeal from the order of such court, filed a petition showing the items due for attorney's fees, praying leave to pay the same when funds might become available, the order of the probate court granting petitioner's prayer. and not appealed from, was final.

6. Same—Extraordinary Services—Discretion.

Only a manifest abuse of the discretion of the circuit and pro-

bate courts being reviewable on error, in allowing extra compensation to an administrator, the allowance of $380 for extraordinary services upon a record showing unusual services performed by the administrator is affirmed.

Error to Kent; Perkins, J. Submitted June 7, 1911. (Docket No. 11.) Decided July 5, 1911.

The Michigan Trust Company presented its annual account as administrator of the estate of Mary McNamara, deceased, in the probate court for the county of Kent, by which the account was allowed. James McNamara appealed to the circuit court. Judgment was entered affirming the order of the probate court. Contestant brings error. Affirmed.

*Francis W. Balcomb* (*Emil B. Gansser*, of counsel), for appellant.

*Thomas P. Bradfield* (*Kleinhans & Knappen*, of counsel), for appellee.

OSTRANDER, C. J. The probate court for the county of Kent approved and allowed the first annual account of the Michigan Trust Company as general administrator of the estate of Mary McNamara, deceased. From the order and determination of the probate court, James McNamara, an heir at law, appealed to the circuit court for the county of Kent. In that court the account was investigated without the aid of a jury, and with the result that the order of the probate court was affirmed. The court made and filed findings of fact and law. Appellant proposed certain amendments to the findings of fact and law which were not allowed. He excepted to the findings and to the refusal of the court to amend them. Twenty-two errors are assigned, and are discussed in the brief for appellant under seven heads.

1. When the cause came on to be heard on December 9, 1909, appellant claimed the right to a trial by jury, and a

jury was refused. The cause was noticed for trial at the September, 1909, term of court, and was regularly on the nonjury calendar for that term. On December 1, 1909, which was during the September term, the cause was reached and was adjourned to December 2d at the request of appellant because of the absence of his attorney. On December 2d there was a substitution of attorneys for appellant; the attorney then appearing asking for a delay of a week to enable him to become familiar with the facts. The cause had also been noticed for trial at the December term, and upon the giving of that notice a jury was demanded. The December term of court began December 6, 1909. It is apparent that the cause was not brought to trial upon the notice which was given for its hearing at the December term, but upon the notice for the September term of court. It is not claimed that it was reached upon the December docket or was set or called for trial as a cause standing upon the December docket. The trial should have begun during the September term. The cause was in fact called during that term, and the trial adjourned at the request and for the convenience of appellant. All of the proceedings relate to a cause for the trial of which no jury had been demanded.

Aside from this, we think there was no question of fact for a jury to determine. It is said in the brief that the amount of compensation to be paid to the commissioners on claims and the amounts to be paid to certain attorneys for legal services depended upon the reasonableness of the charges, and that whether they were or were not reasonable was a question of fact for a jury. Under repeated decisions of this court, some of which are referred to in this opinion, it was for the court, and not for a jury, to determine whether the disbursements referred to in the brief should be allowed.

2. The administrator's account covers a period of more than one year. It is said in the brief for appellant that the account is not sufficiently itemized, for which reason fair opportunity was not afforded to appellant to examine

the account and the witnesses called in relation thereto. The contention does not appear to be based upon an exception or upon an assignment of error, and is not discussed.

3. It is said that improper evidence was offered by appellee and admitted over the objection and exception of appellant. We cannot under our rules discuss this contention. It appears by the record that certain testimony was admitted over the objections of appellant and that exceptions followed the rulings, but we find no errors assigned upon the exceptions.

4. The court found that the fees allowed the commissioners on claims for their services were reasonable. At least three claims presented to commissioners were contested. The statute (3 Comp. Laws, § 11228) provides for the fees of commissioners, and that they "shall have such further compensation as the probate court, after such notice as such court shall direct to the parties interested in the premises, shall deem proper and by an order shall allow." The probate court allowed the fees as they were paid by the administrator. There was testimony given in the circuit court tending to prove that the amounts charged by the commissioners were not unreasonable, and we see no occasion for disturbing the conclusions of the probate and circuit courts.

5. It appears that the Michigan Trust Company as special administrator of this estate filed a final account which was heard and approved January 25, 1908. It turned over the estate then in its hands as special administrator to itself as general administrator. Thereafter it filed its petition for the allowance of certain attorney fees for services rendered to the special administrator. The petition was brought on for hearing and the claims allowed by the probate court. We learn from the briefs that an appeal was taken from the allowance of the final account of the special administrator in which these items for attorney fees were mentioned as estimated liabilities, and it was then ruled that they were not included in the final account, and could not be liti-

gated upon that appeal. The general administrator paid these accounts after their allowance by the probate court, and appellant now objects that they were in fact rendered for the special administrator, were charged against it personally, and have never been allowed against the estate in favor of the special administrator. It is not pointed out how the special administrator could, with certain matters in litigation when it filed its final account, have done more than to call the court's attention to the fact that services had been performed for it by attorneys as special administrator, to estimate the liabilities for such services, and thereafter, upon the coming in of the accounts and their allowance by the probate court, pay them, putting an account of the disbursement into the annual account. The time for litigating these claims was when the matter was pending in the probate court upon the special petition of the administrator for their allowance. The probate court had jurisdiction, and no appeal was taken from the order which was made.

6. It seems to be contended that the personal representative of this estate has filed too many petitions in the probate court for the allowance of claims and charges; that theoretically such a course of conduct might be oppressive, requiring parties in interest to perfect a multitude of appeals. It is said that the Michigan Trust Company filed its final account as special administrator January 25, 1908; that almost immediately thereafter it filed its petition as administrator for the allowance of several thousand dollars as attorney's fees; that it filed its annual account, which was approved April 13, 1909, and thereafter filed its special petition praying for the allowance of attorney's fees rendered during a period covered by the annual account but not included therein; and, lastly, that as late as September, 1910, it filed its special petition for the allowance of attorney's fees for services not included in the prior annual account, although rendered during the period thereof. We think it is unnecessary to do more than to state the contention of the appellant. We find no claim made

in the brief that the services to which the various items of expenditure relate were not rendered, were not valuable, or that the amounts charged were not reasonable.

7. The administrator was allowed for extraordinary services $380, in addition to a statutory fee of $156.80. It is contended that the testimony wholly fails to prove that the services rendered were in any sense extraordinary. If there are circumstances disclosed which call for the exercise, first by the probate court, and upon appeal by the circuit court, of the discretion which with respect to the allowance of fees to administrators and others is reposed in those courts, nothing but a manifest abuse of such discretion will be reviewed by this court. It is the application of this rule which forbids leaving to a jury the determination of the reasonableness of the compensation to be allowed in such cases. *Mower's Appeal*, 48 Mich. 441, 451 (12 N. W. 646); *Loomis* v. *Armstrong*, 63 Mich. 355, 364 (29 N. W. 867); *In re Brewster's Estate*, 113 Mich. 561 (71 N. W. 1085); *In re Pfeffer's Estate*, 117 Mich. 207 (75 N. W. 454); *In the Matter of Fischer's Estate*, 158 Mich. 1 (122 N. W. 257). There was testimony tending to prove the performance of services unusual and uncommon in their nature by the administrator. The probate court and the circuit court upon appeal were required to determine whether extra compensation should be made for such services and to what amount.

No error is found. The order and judgment of the circuit court is affirmed.

BIRD, HOOKER, MOORE, and McALVAY, JJ., concurred.