Ernest C. Smith, an attorney of Lansing, Michigan, filed a claim in the probate court for the sum of $5,000 for attorney fees in the matter of James H. Ruel, deceased. It was allowed by the judge of probate and the executor of the estate appealed to the circuit court, where a verdict was rendered for claimant in the sum of $5,000, and judgment for that amount duly entered. The executor appeals. One thousand dollars on account of the fee was paid by the executor prior to the dispute arising over the correct amount of fees to which claimant is entitled. The judge directed and all parties agreed that $1,000 should be credited as a payment on any judgment rendered.
The main question in the case is whether $5,000 is fair and reasonable compensation for claimant's services in representing the estate in a will contest. We shall discuss the question raised in connection with the main question.
Testator died on September 3, 1939, leaving a last will bearing date February 22, 1935. George W. Amsden was named as executor. There were *Page 694 
specific bequests totaling $11,500 and the residue of the estate was left to Mr. Amsden. At the hearing on the admission of the will, Marjorie Owens, a niece who was left $1,000, gave notice of contest through her attorney, Mr. Gallagher of Detroit. She claimed that testator was mentally incompetent and that undue influence was exercised on him. The executor and his attorneys, Messrs. Rathbun and Arvidson, concluded that it would be better to have the executor represented by other counsel because both Messrs. Rathbun and Arvidson were witnesses to the will, and, in addition, Mr. Rathbun might become a necessary witness as to other transactions. They concluded to obtain the services of Ernest C. Smith, claimant. He was known to Rathbun and Arvidson through previous contact with him in some other legal matters. An order was obtained from the probate court of Ingham county appointing Mr. Smith as attorney for the estate in the will contest and he proceeded to represent the estate both in the probate court and circuit court to which the case was certified. The court proceedings took comparatively little time. In the probate court proceedings the contestant asked for the production of an earlier will and an order was so entered. The earlier will contained a legacy to her of $5,000. The later will which she contested only left her $1,000. The executor, through claimant, made an unsuccessful effort in the circuit court to secure a reversal of the order of the probate court directing the production of this earlier will. The main case was certified to the circuit court where it was subsequently settled.
It required a large amount of time to prepare for the trial of the case. In his bill of particulars, claimant states that he spent 63 hours in court proceedings, 65 hours in interviewing 36 witnesses and studying the legal questions involved in preparation *Page 695 
for trial, 25 hours in conference with the executor, 22 1/2 hours with the general attorneys for the estate, 30 1/2 hours in sending out 61 letters, 10 hours in examining the replies, 22 1/2 hours at the telephone for 270 messages, 10 hours in Detroit in closing the sale of an apartment building, 12 hours in studying and analyzing a list of 105 parcels of property that either belonged to the estate or had been transferred by testator in past years, and also 40 additional hours in the study of the case over 18 months' period, such 40 hours not being included in the foregoing statement. Claimant estimates he spent 314 1/2 hours on the case. He claimed $5,000 for his services. When these figures are broken down so as to ascertain the charge per hour and minute, some of the figures, particularly for reading and writing letters and for telephone messages, seem exceedingly high. However, it was stated that the amount of time spent was an estimate. It was shown at the trial that claimant had written and sent out 80 letters instead of 61, and had received 50 letters instead of 40 as first claimed. The credibility of the claimant who testified to these figures was a question for the jury.
The value of the estate was about $50,000. More than that amount in gifts had been made to Mr. Amsden, the executor, by testator in his lifetime. If the will was not admitted to probate because of the grounds named by contestant, the right and title of the executor to such gifts would be jeopardized. It became exceedingly important, therefore, that the will be upheld either as a result of the litigation or by settlement. The will contest was finally settled by contestant accepting the sum of $5,000, the amount of the legacy provided in the prior will. Testator left only one heir, an adopted daughter, who made no contest. Had contestant won out and the first will been admitted to probate, *Page 696 
she would have received only the amount that was finally paid her in settlement. Had she succceeded in preventing the probating of both wills, neither contestant nor Mr. Amsden would have received anything at all as the adopted daughter would have received the entire estate. It became exceedingly important to Mr. Amsden to have the later will allowed and thus avoid further litigation with a possible result of his losing the large gifts he had received from testator in his lifetime.
No fault whatsoever is found with claimant's services. The question of the correctness of the amount of claimant's charges was left to the jury. The size of the estate was shown, the questions involved in the litigation over the allowance of the will were presented, and testimony was given both as to the precise services rendered by claimant and the results obtained through his services. The jury were instructed that they might take into consideration the professional standing of claimant in the community, his experience, his age and his recognized ability as a member of the bar. They were told that they might consider the customary charges made by other members of the bar of like ability and like standing for performance of services of like character. In this connection claimant produced two witnesses, both leading members of the bar of Ingham county. One stated that the services were worth $5,000, while another one stated that a fee of $7,500 to $10,000 would be very reasonable. The appellant contends that the judge should have charged the jury that claimant was employed for the purpose of collaborating with the general attorneys for the estate. This statement, while true in a degree, would not have been entirely accurate as claimant was employed as attorney of record and in fact was in charge of the defense of the will contest. He prepared for it and conducted *Page 697 
the settlement negotiations. The jury heard all of the testimony. It would make very little difference as to whether claimant was to "collaborate" with other attorneys. The sole questions in the case were, what did claimant do? and, what were his services reasonably worth?
The executor further contends that the judge erred in not charging the jury that they were to follow Canon 12 of the Canons of Professional Ethics of the American Bar Association governing the various factors that enter into what constitutes reasonable charges of an attorney for services rendered. We used this canon as a yardstick in determining the charges in Reichert v.Metropolitan Trust Co., 266 Mich. 322, and Becht v. Miller,279 Mich. 629. However, the judge in his charge did bring out the main elements contained in the canon and left out some which, at most, might have benefited claimant. On the whole, we believe the charge was fair and adequate. There was no testimony offered by appellant to offset that given by the two members of the Ingham county bar on behalf of claimant. We repeat what we have so often said in other cases that, although some of us, had we been members of the jury, might have brought in a verdict for a lesser amount, and even though the charges may seem high, the questions were fairly presented to the jury and the amount as found by them as due claimant was upheld by both the probate judge and the trial judge. We do not find the verdict so excessive as to call for reversal or a remittitur of part of it in lieu of a reversal.
Judgment for claimant is affirmed, with costs of both circuit court and this Court to claimant.
NORTH, C.J., and STARR, WIEST, BUSHNELL, SHARPE, BOYLES, and REID, JJ., concurred. *Page 698