*In re* WEISS' ESTATE.
APPEAL OF McMANUS.

EXECUTORS AND ADMINISTRATORS—ATTORNEY FEES—QUESTION FOR JURY.

    Statute empowering a fiduciary to employ counsel in connection with the administration of an estate and entitling such attorney to ''receive such reasonable compensation for services rendered as shall be approved by the probate judge having jurisdiction over the said estate'' intended that the question of compensation to counsel be determined as a question of fact, hence it was a matter for the jury on appeal to the circuit court (Act No. 288, chap. 4, § 34, Pub. Acts 1939).

Appeal from Wayne; Richter (Theodore J.), J. Submitted April 9, 1946. (Docket No. 75, Calendar No. 43,367.) Decided September 11, 1946.

In the matter of the estate of Moritz Weiss, deceased. Lee C. McManus presented his claim for

attorney's fees. From amount awarded, he appealed
to circuit court. Verdict for plaintiff. Judgment
for a lesser amount *non obstante veredicto.* Plaintiff
appeals. Reversed and judgment ordered entered
on the verdict.

*Davidson & Beauchamp,* for plaintiff.

*Voorhies, Long, Ryan & McNair,* for defendant
estate.

BUSHNELL, J. Lee C. McManus, an attorney,
filed a petition in the probate court for the approval
of his fee for services rendered to the fiduciary of
the estate of Moritz Weiss, deceased. He stated that
his services were reasonably worth $2,490, of which
he had been paid $700. The probate judge approved
compensation in the amount of $1,200 and an order
was entered for the payment of the $500 balance.
McManus appealed from this order to the circuit
court, where he demanded a jury trial. The fidu-
ciary moved for an entry of judgment on the theory
that the reasonable value of the services rendered
was a question for the court and not for the jury.
The circuit judge reserved decision on the motion
and submitted the claim to the jury, which returned
a verdict in favor of McManus for a balance of
$1,500.

The trial judge, in the light of *In re McNamara's
Estate,* 166 Mich. 451, determined that the amount of
compensation was a matter of discretion to be ex-
ercised by the court without the aid of a jury. He
therefore set aside the verdict of the jury and en-
tered a judgment *non obstante veredicto* in the sum
of $500. McManus has appealed and the parties
have stipulated that the sole question presented is:

"When a petition is filed in the probate court by an attorney for an estate for allowance of attorney fees for his service rendered therein, and the attorney appeals from the order of the probate court having jurisdiction of the estate, approving fees in a lesser amount than requested, and on trial in the circuit court it is agreed that the services specified were rendered, and that the attorney was employed by the fiduciary, and that the sole question is the reasonable value of such services, is such question of the reasonable value of such services for the circuit judge (or) for a jury where one is demanded?"

The probate code, Act No. 288, Pub. Acts 1939, as amended by Act No. 176, Pub. Acts 1941, provides in chapter 1, § 36 (Comp. Laws Supp. 1945, § 16289–1[36], Stat. Ann. 1943 Rev. § 27.3178[36]), that: "any person aggrieved by any order, * * * may appeal therefrom to the circuit court" and must thereafter file "certified copies of the probate court record appealed from." (Act No. 288, chap. 1, § 41, Pub. Acts 1939 [Comp. Laws Supp. 1940, § 16289–1 (41), Stat. Ann. 1943 Rev. § 27.3178 (41)]).

Whether the aggrieved person is entitled to a jury trial is controlled by Act No. 288, chap. 1, § 42, Pub. Acts 1939 (Comp. Laws Supp. 1940, § 16289–1 [42], Stat. Ann. 1943 Rev. § 27.3178 [42]), which reads:

"When such certified copy shall have been filed in the circuit court, with the evidence of filing the requisite bond, and of giving notice as aforesaid, such court shall proceed to the trial and determination of the question according to the rules of law; and if there shall be any question of fact to be decided, issue may be joined thereon, under the direction of the court, and a trial thereof had by jury."

The reasonable value of the services rendered by appellant could hardly be determined without testimony which would necessarily raise a question of

fact. Under the circumstances of this case we feel that McManus was entitled to have this matter determined by a jury. See *In re Ruel's Estate*, 308 Mich. 692.

The judgment is vacated and the cause is remanded to the trial court for entry of judgment on the jury's verdict. Costs to appellant.

BUTZEL, C. J., and CARR, SHARPE, BOYLES, REID, and NORTH, JJ., concurred. STARR, J., took no part in the decision of this case.