LOUISA M. COUSINO V. EDWIN COUSINO ET AL.

*Will—Construction—Life-estate.*

A will by which the testator, after providing for the payment of his debts, bequeaths the residue of his estate to his wife, "and after her death, or sooner, if she chooses to, to be divided among his children or their heirs, share and share alike," conveys a life-estate to the widow.

| 86 | 323 |
| --- | --- |
| 91 | 482 |
| 86 | 323 |
| 102 | 256 |
| 86 | 323 |
| 109 | 419 |
| 86 | 323 |
| 116 | 182 |
| 86 | 323 |
| 127 | 123 |
| 86 | 323 |
| 128 | 513 |

Appeal from Wayne. (Hosmer, J.) Argued May 13, 1891. Decided June 5, 1891.

Bill to construe a will. Complainant appeals. Decree affirmed. The facts are stated in the opinion.

*William Look,* for plaintiff, contended:

1. In construing wills, the general intention of the testator must first be fixed; citing *Jameson's Appeal,* 1 Mich. 99; *Eyer v. Beck,* 70 Id. 179; *Morrison v. Sessions Estate,* Id. 297.
2. Under the provisions of the will, and the intention of the testator as gained from the whole instrument, complainant is the immediate legatee, and takes an absolute estate; citing *Jones v. Jones,* 25 Mich. 401; *Proctor v. Robinson,* 35 Id. 291; *Sutphen v. Ellis,* Id. 446.

*William B. Walsh,* for defendants, contended:

1. The cases cited by complainant's counsel have a direct applica-

tion in the construction of this will, showing the intent of the testator to have been to make some provision for his children or their heirs after the death of his wife, and are distinguished by this Court in *Schehr v. Look,* 84 Mich. 263.

GRANT, J. Complainant is the executrix of her husband's will, and filed this bill to obtain an interpretation thereof. The testator, after providing for the payment of his debts, bequeathed the residue of his estate, real and personal, to complainant, and,—

"After her death, or sooner, if she chooses to, to be divided· among my children or their heirs, share and share alike."

Complainant insists that the absolute title to the property, both real and personal, was by this clause vested in her. We think there can be no ambiguity as to the intent of the testator. The will conveyed only a life-estate to complainant. If he intended to devise the absolute title to complainant, the last clause of the above provision would be meaningless.[1]

The decree of the court below is affirmed, the costs to be paid out of the estate.

The other Justices concurred.

---

[1] The testator left four minor children, and his estate was appraised at $11,779.28. The complainant introduced in evidence the statements of the deceased to the effect that he had· willed his property to his wife absolutely, to do with as she liked.