JOHN E. JONES v. EARL ROGERS DEMING.

*Will—Construction of devise.*

A devise to a wife of certain real estate, "subject to the condition that she is to receive the rents, profits, and benefits during her natural life-time," with remainder over, after her death, to a daughter, expressly limits the interest of the wife to a life-estate.

Appeal from Wayne. (Reilly, J.) Argued April 20, 1892. Decided May 6, 1892.

Bill to construe a will. Complainant appeals. Decree affirmed. The facts are stated in the opinion.

*Brennan, Donnelly & Van DeMark,* for complainant.

*E. T. Wood,* for defendant.

GRANT, J. William Quinn died testate, leaving a widow and one child, a daughter. The widow married the complainant. The daughter married, and died, leaving one child, the defendant. Mrs. Jones, after her marriage to complainant, conveyed to him certain real estate situated in the city of Wyandotte, and described in the will of Mr. Quinn, assuming that the will conveyed to her the fee of the property. Complainant filed the bill in this cause to obtain a construction of the will.

91 MICH—31.

The two clauses of the will upon which the question arises are as follows:

" *Second.* I give, devise, and bequeath to my beloved wife, Mary Quinn, all the following real estate [describing real estate in Detroit], and all household furniture, and also all my real estate situate in the city of Wyandotte, subject to the condition that she is to receive the rents, profits, and benefits during her natural life-time, and, in case necessary, to sell and dispose of the same according to law.

" *Third.* After the death of my said wife, Mary Quinn, I give, devise, and bequeath unto my daughter, Margaretta Elena Quinn, all the rest, residue, and remainder of my real and personal estate, as above stated."

The court below decreed that the widow took only a life-estate in the property.

In *Eyer v. Beck*, 70 Mich. 181, this Court said:

"In the conflict of authority which appears, we do not feel bound to depart from what we may conclude to be the natural meaning of the will, if we can find any clue to that. The cardinal principle of interpretation of wills is to carry out the intention of the testator, if it is lawful, and if it can be discovered."

This is the correct rule, and the one from which this Court has never deviated. *Glover v. Reid*, 80 Mich. 230; *Schehr v. Look*, 84 Id. 263; *Cousino v. Cousino*, 86 Id. 323; *Bailey v. Bailey*, 25 Id. 188. There are many other cases, but it is unnecessary to cite them. Seldom, if ever, will two wills be found, the exact counterpart of each other, either in language or circumstances. We may look to cases for general rules as guides, but, after all, each case must be decided upon the language used by the testator, and upon his intention to be gathered from the whole instrument. Chief Justice Marshall said:

"It has been said truly that cases on wills may guide

us to general rules of construction; but unless a case cited be in every respect directly in point, and agree in every circumstance, it will have little or no weight with the court, who always look . upon the intention of the testator as the polar-star to direct them in the construction of wills." *Smith v. Bell*, 6 Pet. 68.

We think the language in this case leaves no doubt as to the intent and meaning of the testator. The expression, "subject to the condition that she is to receive the rents, profits, and benefits during her natural life-time," expressly limits her interest to a life-estate. See authorities above cited. *Brant v. Coal Co.*, 93 U. S. 326; *Larsen v Johnson*, 78 Wis. 300 (47 N. W. Rep. 615).

We are not called upon by this record to determine the meaning of the clause, "and, in case necessary, to sell and dispose of the same according to law." It is sufficient to say that no necessity is shown by this record to sell or dispose of any of this property for the support and maintenance of Mrs. Jones. The complainant's own testimony shows that he is abundantly able to support his wife, being able to earn from four dollars to six dollars a day.

The decree is affirmed, with costs.

LONG and MONTGOMERY, JJ., concurred. MORSE, C. J., did not sit. MCGRATH, J., took no part in the decision.