136   243
143   325

136   243
153   229

136   243
d155   128

## DILLS v. LA TOUR.

WILLS—CONSTRUCTION—ESTATE DEVISED.

A husband devised and bequeathed to his wife all of his property for her life, "to do and dispose of the same as fully as" he might do, giving her the right to convey by warranty deed, but providing that, if any property should be left at her death, it should go to certain others. *Held*, that the wife took a fee. *Jones* v. *Jones*, 25 Mich. 401, followed.

Error to Monroe; Lockwood, J. Submitted February 4, 1904. (Docket No. 81.) Decided March 29, 1904.

Ejectment by Charles Dills against Henry La Tour and wife. From a judgment for defendants on verdict directed by the court, plaintiff brings error. Affirmed.

*Willis Baldwin* and *John O. Zabel*, for appellant.

*Randall & Corbin* and *Charles A. Golden*, for appellees.

CARPENTER, J. This is a suit in ejectment. Erastus Dills died December 28, 1901, owning the land in controversy. He made a will, which was duly admitted to probate, bequeathing to his wife—

"All my property, both Real and Personal, * * * For and during Her natuaral life, to do and dispose of the same as fully as I mint do wer I alive, And further to give to her the right to give a good and sufficient Warenty Deed to any and all of the Real Estate in my possession at the time of my dismisel. And should there be any of the above property left at the time of my wife's dismisel, then and the property is to go the hers of Our bodies, if ther be any, In Equal shares. And I hereby appoint Catherine Dills, my wife, the sole executrix of this, my last will and testament."

But one child was born to Erastus and Catherine, and

that child died before Erastus. Catherine did not dispose
of the land during her life, but on her death bequeathed
the same to the first-named defendant by a will which was
duly admitted to probate. Plaintiff is an heir at law of
said Erastus. The determination of the controversy de-
pends upon whether or not Catherine took an estate in fee
under said will. The circuit court decided that she did,
and rendered judgment for the defendants.

We think this case indistinguishable from *Jones* v.
*Jones*, 25 Mich. 401. We quote from the opinion in that
case:

" The instrument first provides for the payment of debts
and funeral and administration expenses, and then goes on
in these absolute and emphatic terms :

" ' I give, devise, and bequeath my estate, real, personal, and
mixed, of every nature whatsoever, and wheresoever situated, to my
beloved wife, Thankful B. Jones, to have, hold, use, and enjoy the
same as she may see fit, and in all respects the same as though it
was hers absolutely, and without any limitation or reversion, for
and during her natural life.'

"A clause immediately follows for an equal distribution
of what should remain among the parties to this cause, such
distribution, however, to be deferred until after the death
of Mrs. Jones. But this is succeeded by another, which
bears upon and complements the first, and should be read
in connection with it. The testator, seeming to think that
the first provision, as written, was not as full, complete,
and absolute as he desired, superadded the following:

" ' If my said wife shall desire to make sale of any of my said real
estate, in her use and enjoyment of it during her life, it is my will
and desire that she have, and I hereby give her, full power and
authority to make such sale, and to give all necessary deeds of con-
veyance thereof, and to receive the consideration therefor, to be
used as aforesaid by her during her life.'

"These clauses, taken together, seem intended to give
unlimited power of conversion and disposition, and to
authorize the widow to do with the property as with her
own. The testator's idea, as he has conveyed it in these
passages, of use and enjoyment of the property, included
consumption of the substance; and we think it must be

held that an absolute property in the whole estate was given to the widow, unless the clause which refers to a remainder compels a different result. That clause is as follows:

"'And, after the death of my said wife, it is my will that my estate, real, personal, and mixed, that shall remain, should be distributed in manner following, to wit: One-fourth of it to my brother, Cyrus Jones; one-fourth of it to my nephew, Lawrence E. Prindle; one-fourth of it to the Society of Spiritualists of Grand Rapids, Kent county, Michigan; * * * and the remaining one-fourth of said estate I desire that my said wife shall dispose of as she sees fit; the division, however, not to take place until after her death.'

"When we look at this clause in connection with the others, we observe that the forms of expression as to the disposition are different. This clause speaks of a distribution of some future remainder or remnant, as though the testator had not in his mind the idea of a present positive gift. The other clauses, however, contain positive language, as though the testator was then giving. In both he says 'I give.' There are some other peculiarities of phraseology which lead the same way. But, without dwelling upon verbal singularities, I think the apparent purpose to give an absolute, unconditional gift and power of disposition to his wife, who was the primary object of his care and solicitude, is not affected by the clause last quoted. If this clause should be considered as covering a gift of what should remain, it would be void, as inconsistent with the absolute estate, or *jus disponendi,* previously given. *Pinckney* v. *Pinckney,* 1 Bradf. Sur. 269, and authorities there cited; *Hale* v. *Marsh,* 100 Mass. 468, and cases there cited. I think, however, the clause was not meant to cover a gift, but was intended simply as the expression of a wish by the testator as to the manner in which, and the parties to whom, the unspent remainder of his estate, if any, should be distributed. He evidently anticipated that his wife might not consume the whole, and he therefore recommended such disposal of it as he most favored."

Argument is unnecessary to extend the reasoning in that case to the case at bar. It is contended that the authority of this case has been shaken by subsequent decisions of this court. *Ireland* v. *Parmenter,* 48 Mich. 631 (12 N. W.

883). In this case property was bequeathed to the testator's widow, and on her decease to his sons. The widow was not given full and absolute power of disposition. It was held that she took only a life estate. Clearly, this case is in no way inconsistent with *Jones* v. *Jones.*

It is contended that *Gadd* v. *Stoner*, 113 Mich. 689 (71 N. W. 1111), is inconsistent with *Jones* v. *Jones.* There the will bequeathed to the widow of the testator a life estate, with power to sell. The will indicated, however, and the court held, that the power of sale was not unlimited, but was limited to a specific purpose; the court saying:

"The question is whether the power which follows [the power of sale] was intended to be unlimited, or limited to specific purposes. We think it was not unlimited. The testator has manifested an intention of charging his entire estate with the burden of the care of his wife, has given her a power of sale and reinvestment with that end in view, and has just as distinctly manifested the purpose that the residue shall go to certain named legatees."

It was accordingly held that the widow took a life estate, with a limited power to sell. It is clear that that case is consistent with *Jones* v. *Jones,* the authority of which it fully recognized.

We feel ourselves bound by *Jones* v. *Jones,* and it would be unprofitable to consider the decisions of other States, which, it may be, as plaintiff's counsel contend, announce an opposing doctrine.

The judgment of the court below will therefore be affirmed.

MOORE, C. J., MONTGOMERY and HOOKER, JJ., concurred. GRANT, J., took no part in the decision.