MORAN v. MORAN.

WILLS—CONSTRUCTION—ESTATES DEVISED.

> A will in terms giving to testator's wife all his property, "to be hers absolutely," gives an absolute estate, notwithstanding the succeeding repugnant provision, "providing, however, that if at her death any of said property be still hers, then the residue still hers shall go to my, not her, nearest heirs."

Appeal from Wayne; Hosmer, J. Submitted December 8, 1905. (Docket No. 174.) Decided March 13, 1906.

Bill by Richard G. Moran and others against Gilbert M. Moran, executor of the last will and testament of Mary E. A. Moran, deceased, and others, for a construction of the last will and testament of Charles G. Moran, deceased. From a decree for defendants, complainants appeal. Affirmed.

*Fred C. Harvey*, for complainants.·

*Clark, Jones & Bryant* and *Orla B. Taylor*, for defendants.

McALVAY, J.  The bill of complaint in this case was filed to obtain a construction of the will of Charles G. Moran.  The complainants are the brothers of said Moran.· The defendants are the executor of his wife, the beneficiaries and legatees under her will, and a brother and sister of complainants.  Charles G. Moran died at Grosse Pointe, Wayne county, Mich., September 29, 1900, leaving a last will and testament.  The provisions of this will, omitting the formal parts, are as follows:

"I give and bequeath to my beloved wife, Mary E. A. Moran, all my property real and personal, of every name, nature and description to be hers absolutely, providing however, that if at her death any of the said property be still hers, then said residue still hers shall go to my, not her, nearest heir or heirs.  She is made sole executrix of this will without bonds."

This will was duly probated.  The widow qualified as executrix, rendered her final account August 7, 1901, which was allowed by the probate court.  The residue of the estate was assigned to her as "sole legatee and devisee of said deceased, in accordance with the provisions of said will," and she was discharged as executrix.  The widow, Mary E. A. Moran, died testate, July 28, 1903; her will providing, after the payment of certain bequests, that the residue of her estate should be equally divided between her brothers and sisters.  Her executor took possession of all the real and personal estate of which she died possessed, which included the real and personal property devised by the will of her husband.  The bill of complaint in this suit was filed November 21, 1903, for the purpose above stated.  Upon the hearing of the cause on the bill and answers, the circuit court decreed that, under the will of Charles G. Moran, his wife, Mary E. A. Moran, took—

" An estate in fee simple with an unlimited power to convey, and that the proviso therein that if, at her death, any of the said property be still hers, then said residue still hers should go to the nearest heir or heirs of said Charles G. Moran, is repugnant to the clause in the will creating the estate in fee simple aforesaid, and for that reason is void."

From this decree the complainants have appealed, contending that said will gave the wife a life estate, with remainder to the heirs of Charles G. Moran.

Similar testamentary provisions have frequently been before this court for construction, and have been passed upon. This will differs from those in the other cases in that it does not contain the words " during her natural life," or " for her use during her natural life," or words giving power to sell " for her use and benefit," or similar expressions familiar to the profession, which have been referred to in the decisions in this State as aids in arriving at the intention of the testator, or in determining whether later words in the instrument indicative of reserving a remainder over are repugnant to an earlier devise. The terms of the instrument under consideration are:

" I give and bequeath to my beloved wife, Mary E. A. Moran, all my property real and personal, of every name, nature and description to be hers absolutely."

This is a plain, clear, and direct gift and devise, without qualification or limitation. It offers no difficulty in arriving at the real intent and meaning of the testator. By it he gave his wife all of this property, and created in her a title in fee simple to the real estate, with unlimited power of conversion and disposition. The words in the will which follow this clause are:

" Providing however, that if at her death any of the said property be still hers, then said residue still hers shall go to my, not her, nearest heir or heirs."

If by this it was intended to dispose of a remainder over to his heirs, it is certainly repugnant to the former part of the will already construed, and is void, being inconsistent

with the absolute estate already devised. *Jones* v. *Jones,* 25 Mich. 401, cited and approved in *Dills* v. *La Tour,* 136 Mich. 243. The expressions in this later clause indicate to us that he understood that he had given her an absolute estate, and was not creating a gift or devise of what might remain after her decease. He says: "If at her death any of said property be still *hers,* then said residue still *hers* shall go to my nearest heirs"—thereby expressing his wish as to its distribution. The absence from this instrument of certain expressions referred to earlier in this opinion makes the clear intent of the testator easier to be ascertained, and renders less difficult the application of the fundamental rule of construction of testamentary documents that the real intent and meaning of the testator must be given effect, if that intent can be derived from the instrument, and is lawful, and that for this purpose all of the clauses of the will are to be considered, and, if possible, harmonized.

The decree of the circuit court is affirmed, with costs.

GRANT, BLAIR, HOOKER, and MOORE, JJ., concurred.