## TURNBULL v. JOHNSON.

WILLS — CONSTRUCTION — INTERESTS CREATED — PERSONAL PROPERTY.

Where testator devised all his real and personal property to his wife "to be hers absolutely during her lifetime, and at her death what of the same might be left to" his two sons and their heirs, and his widow became sole executrix, she had absolute and unlimited power to dispose of shares of stock belonging to the estate and pledged to secure an indebtedness; and the sons, though they executed a bill of sale purporting to transfer their interest, had no interest in the stock upon which to found a bill to cancel the sale on the ground of fraud practiced upon them by the purchaser.

Appeal from Alpena; Emerick, J. Submitted April 16, 1908. (Docket No. 104.) Decided June 27, 1908.

Bill by Burt L. Turnbull and another against William H. Johnson and others to set aside the sale of certain stock on the ground of fraud. From a decree dismissing the bill, complainants appeal. Affirmed.

*Reilley & McPhee (Henry K. Gustin,* of counsel), for complainants.

*Joseph H. Cobb,* for defendant Johnson.

Complainants are the sons of James D. Turnbull, deceased. Said James D. Turnbull died September 19, 1900. His will, which was duly admitted to probate, devised all his real and personal estate to his "wife, Franc A. Turnbull, to be hers absolutely during her lifetime, and at her death what of the same might be left to my two sons, Burt L. Turnbull and Jay D. Turnbull, share and share alike, and their heirs forever."

The widow, Franc A. Turnbull, became sole executor of the will. Among the assets of the estate of James D.

Turnbull were 210 shares of the capital stock of the Alpena City Water Company and 480 shares of the Alpena Electric Light Company. These shares were pledged to the Alpena National Bank as security for an indebtedness exceeding the value of the stock. Early in 1902 defendant Johnson purchased said stock.· He procured the title of the bank to which they were pledged. He also acquired the interest of the estate of James D. Turnbull, deceased, and the interest of Franc A. Turnbull. The complainants themselves executed a bill of sale purporting to transfer their interest. On the 29th of April, 1905, complainants filed this bill averring that defendant Johnson, in purchasing said stock, practiced a fraud upon them, and praying relief therefor. Defendants answered. The case was heard on testimony taken in open court and a decree entered dismissing complainants' bill. From that decree an appeal is taken to this court.

CARPENTER, J. (*after stating the facts*). The only ground upon which complainants seek relief is that *they* were defrauded by the purchase of this stock. It is a complete answer to this claim to say that complainants had no interest whatever in said stock. The will of their father made that stock the absolute property of their mother. See *Jones* v. *Jones*, 25 Mich. 401; *Dills* v. *La Tour*, 136 Mich. 243; *Killefer* v. *Bassett*, 146 Mich. 1; *Moran* v. *Moran*, 143 Mich. 322.

Their mother had the absolute and unlimited power of disposing of this stock as she chose. Complainants' assent to its transfer was entirely unnecessary and added nothing whatever to the title acquired by defendant Johnson. It is scarcely necessary to say that they are in no position to complain that fraud was practiced upon them. They cannot predicate relief upon that ground. If any fraud was practiced, the only ones affected thereby would be the bank or Franc A. Turnbull, personally, or as the executor of her husband's estate. Neither the bank nor Franc A. Turnbull complain. Nor do com-

plainants seek relief upon the ground that the bank was defrauded, that their mother was defrauded, or that their father's estate was defrauded. Nor is there evidence upon which relief could be granted on any such ground.

From our disposition of the case it is not to be inferred that defendant Johnson was guilty of unconscionable conduct. Our view of the case does not require us to enter into an examination of the testimony upon that subject.

The decree is affirmed.

GRANT, C. J., and BLAIR, MONTGOMERY, and McAL-VAY, JJ., concurred.