BATEMAN *v.* CASE.

WILLS—DEVISE TO WIFE—LIFE ESTATE.

Under a provision of decedent's will bequeathing to his wife his entire estate, with authority to use or sell all or any portion thereof, without license from the court, granting any part remaining after her death to his sons, the widow took a life estate with power to alienate for her own use and benefit, and the remainder vested in the sons. OSTRANDER and McALVAY, JJ., dissenting.

Appeal from St. Joseph; Yaple, J. Submitted April 10, 1912. (Docket No. 90.) Decided June 1, 1912.

Bill by Charles C. Bateman and others against Fred H. Case, executor of the estate of Harriet M. Bateman, deceased, for the construction of the will of David M. Bateman, deceased. From a decree for complainants, defendant appeals. Affirmed.

*E. M. Irish,* for appellant.

*George H. Arnold,* for appellees

STEERE, J. The purpose of this suit is to obtain a construction of the will of David M. Bateman, deceased. The question is raised by demurrer to complainants' bill and is brought to this court by appeal taken from an order of the circuit court overruling said demurrer.

The bill of complaint states that David M. Bateman died October 6, 1901. He left two sons, the complainants herein, and a widow, Harriet M. Bateman, stepmother of complainants. His will, dated September 26, 1900, contains but three clauses; the first of which merely provides for the payment of his lawful debts. The second and third, which are in controversy, are as follows:

"(2) I give, devise and bequeath unto my wife, Harriet M. Bateman, all of my estate, both real and personal, and I do hereby empower her, my said wife, to sell and

dispose of all or any part of my said estate and convey the same by deed or otherwise without obtaining license from the court for this purpose; and I especially desire that my said wife shall have the right to use the whole or any part of my said estate for her own use and benefit.

"(3) If any of my said real or personal estate shall remain after the decease of my said wife, then in this case I give, devise and bequeath all the rest, residue and remainder of my said estate so remaining unto my sons, Charles C. Bateman and Halbert E. Bateman, their heirs and assigns forever, share and share alike."

An inventory of testator's estate, filed in the probate court by his widow, who properly qualified as executrix, contained, among other things, the following:

"Osceola Consolidated Mining Co., 10 shares, $820; Holland Sugar Co., 100 shares, $1,000; National Loan & Trust Co., Detroit, $1,212.97."

On the 8th day of December, 1907, said Harriet M. Batement died testate. An inventory of her estate filed in the probate court by defendant contained, among other things, the following:

"Osceola Consolidated Mining Co., 10 shares at $80, $800; Holland Sugar Beet Co., 126 shares at $19, $2,394; National Loan & Investment Company, stock, $1,275."

Complainants, claiming these assets, made demand upon defendant therefor, which demand was refused on the ground that the same belonged to the estate of Harriet M. Bateman, deceased. The complainants pray for an accounting and that said defendant may, by decree of the court, be required to assign and transfer to complainants such assets.

Defendant demurred to said bill on the ground that the will of David M. Bateman vested an absolute title to all his estate in said Harriet M. Bateman; that complainants had no interest in her estate and she left no property to which they are entitled.

It is contended in behalf of defendant that the second clause of the will vested an absolute title in Harriet M. Bateman which cannot be affected by the third clause;

the latter being only advisory in its nature under the general rule that, where an estate is given to a person generally or indefinitely, with power of sale or disposition, it carries an absolute title; citing the following cases: *Jones* v. *Jones,* 25 Mich. 401; *Moran* v. *Moran,* 143 Mich. 322 (106 N. W. 206, 5 L. R. A. 323, 114 Am. St. Rep. 648); *Killefer* v. *Bassett,* 146 Mich. 1 (109 N. W. 21); *Turnbull* v. *Johnson,* 153 Mich. 228 (116 N. W. 1009); *Dills* v. *La Tour,* 136 Mich. 243 (98 N. W. 1004).

On behalf of complainants it is urged that, construing the will as a whole, it gives the widow but a life estate in the property of her husband, with power to sell or consume for her own use and benefit; that such power ended with her life, and any remaining portion of the testator's estate in regard to which she had not exercised that power became theirs under the third clause of the will, with present right of possession and enjoyment; in support of which the following cases are cited: *Morford* v. *Dieffenbacker,* 54 Mich. 593 (20 N. W. 600); *Gaukler* v. *Moran,* 66 Mich. 353 (33 N. W. 513); *Glover* v. *Reid,* 80 Mich. 228 (45 N. W. 91); *Cousino* v. *Cousino,* 86 Mich. 323 (48 N. W. 1084); *Jones* v. *Deming,* 91 Mich. 481 (51 N. W. 1119); *Defreese* v. *Lake,* 109 Mich. 415 (67 N. W. 505, 32 L. R. A. 744, 63 Am. St. Rep. 584); *Gadd* v. *Stoner,* 113 Mich. 689 (71 N. W. 1111); *Robinson* v. *Finch,* 116 Mich. 180 (74 N. W. 472); *Austin* v. *Hyndman,* 119 Mich. 615 (78 N. W. 663); *Clark* v. *Mack,* 161 Mich. 545 (126 N. W. 632).

To the cases cited by counsel for the respective parties many more might be added involving similar issues both from our own State and other jurisdictions. They present an endless variety of wills, many of them containing expressions and provisions similar to the ones under consideration, but none identical in all particulars. It is seldom that the effective parts of any two wills are alike, and the authorities cited and consulted do not present a case which fully quadrates with the one before us, though from such precedents some general principles in aid of

construction may be deduced. In the early case of *Sisson* v. *Seabury*, 1 Sumn. 235, Fed. Cas. No. 12,913, Judge Story thus speaks of the embarrassment attending resort to precedent in construing wills:

"The cases almost overwhelm us at every step of our progress; and any attempts even to classify them, much less to harmonize them, is full of the most perilous labor. * * * To lay down any positive and definite rules of universal application in the interpretation of wills, must continue to be, as it has been, a task, if not utterly hopeless, at least of extraordinary difficulty."

The construction of a will is not merely determining the meaning of a word or phrase found in it, or ascertaining the sense of a particular sentence or form of words, though both are involved, but it demands the drawing of such conclusions from the whole as are manifestly within the spirit of the text, though they may be beyond the direct expressions there found. It is the substance rather than the form which is to be considered. *Toms* v. *Williams*, 41 Mich. 552 (2 N. W. 814). The construction should always be in harmony with the expressed or implied intention of the testator unless contrary to some positive rule of law. The principle is clearly stated by Justice MOORE in *Robinson* v. *Finch*, 116 Mich. 180 (74 N. W. 472):

"The first thing to determine is, What was the intention of the testatrix, as expressed in the instrument, taking it in its entirety, giving to the words used the meaning which it is evident the testatrix gave to them? for it is the cardinal principle of interpretation of wills to carry out the intention of the testator, if it is lawful and can be discovered. *Bailey* v. *Bailey*, 25 Mich. 185; *Eyer* v. *Beck*, 70 Mich. 181 (38 N. W. 20); *Glover* v. *Reid*, 80 Mich. 233 (45 N. W. 91); *Schehr* v. *Look*, 84 Mich. 263 (47 N. W. 445); *Cousino* v. *Cousino*, 86 Mich. 323 (48 N. W. 1084); *Jones* v. *Deming*, 91 Mich. 481 (51 N. W. 1119). * * * In *Hamlin* v. *United States Express Co.*, 107 Ill. 443, it is said:

"'The latter part of the will is to be considered no less than the former part, and, to the extent there is repugnance, the language

of the former part is to be read as modified by that of the latter part.'

"See, also, *Barnes* v. *Marshall*, 102 Mich. 248 (60 N. W. 468); *Gadd* v. *Stoner*, 113 Mich. 689 (71 N. W. 1111)."

See, also, Page on Wills, § 470; Schouler on Wills, 559.

Considering the question before us with these cardinal principles in mind, we have no hesitation in gathering from the four corners of this will a definite intention on the part of the testator to give into possession of his widow all his property for her to freely enjoy, and have the benefit of, so long as she might survive him, even to the extent of selling or consuming the whole or any part thereof, but with the limitation that it was a personal matter to her; that he intended the consumption, sale, or disposition authorized should be to that end—for her own special use and benefit, and not that of another—that what was left, if any, on her death should go to his own sons and not to strangers. If this manifest intention does not, in the manner of expressing it in the will, directly contravene some of the decisions of this court or some positive rule of law, it should control.

The fact that the entire estate might be disposed of or consumed by her, and there be no remainder, would not militate against a bequest of a contingent legacy to his sons. It would vest in them in prospect, or in remainder, subject to being divested in case the entire estate was exhausted by the previous beneficiary during her lifetime under the power given. *McCarty* v. *Fish*, 87 Mich. 48 (49 N. W. 513); *In re Mallary's Estate*, 127 Mich. 119 (86 N. W. 541, 89 N. W. 348).

Few technical words are found in the second clause of the will. While several of the words used have a technical meaning, most are words in common use. Terms used in wills are generally to be construed as bearing the meaning ordinarily and commonly accepted. *Rivenett* v. *Bourquin*, 53 Mich. 10. To give this clause the con-

struction contended for by defendant, we must not only eliminate the third clause, but the last half of the second also.    Had it been the intention of the testator to give his property to his wife absolutely and without limitations, it would seem a strange and unnatural thing for him to specify that she could sell the same without license from the probate court; but, if it was his intention to confer upon her only a life estate and limit the disposition and sale of all or any part of this property to her own use and benefit, then the precaution of relieving her from appealing to the probate court, though perhaps not necessary, becomes natural and even significant.

The extrinsic circumstance that Harriet M. Bateman was the second wife of testator, and not the mother of complainants, is proper to consider in construing his will. We can infer from the language of the will that she was the first object of his solicitude, and he intended to fully provide for her so long as she survived, even though it exhausted the estate to the exclusion of his children.    The language of the third clause negatives any intent that whatever remained might pass to strangers by will or inheritance to the exclusion of his sons.    If the contention of defendant is correct, the sons were disinherited, the property became absolutely hers the moment he died, and, had she died an hour later, all would have gone to her heirs to the exclusion of his offspring, to whom he clearly expressed the intent it should go.    The construction of a will should be in favor of natural and reasonable disposition and conform as nearly as language will permit to the general rule of inheritance, and the heir is not to be disinherited without an express devise or necessary implication.

No words of inheritance are found in the second clause of the will, which provides for the widow, as there are in the third, which provides for the sons.    The third concludes, ''Their heirs and assigns forever, share and share alike.''    The second concludes, ''The right to use the whole or any part of my said estate for her own use and benefit.''    She could neither use nor be benefited by it

after her death. When her life ended, that right ended.

Under well-settled rules of construction, as stated and elaborated in the authorities cited and relied on by defendant, a limitation over to complainants would be void for repugnancy if the primary gift to the widow vested in her an absolute and unqualified title to the property, with unlimited power of alienation and disposition. We do not find such was the real intent of the testator, as expressed in the will, when all its parts and clauses are considered together in the light of the relations the respective parties in interest bore to each other, but rather a life estate, with power of alienation and disposition for the specific and limited purpose of the widow's "own use and benefit," burdening the estate to furnish that which might be useful and beneficial to her while she lived, followed by a distinct and unequivocal mandate that, if not all consumed for that purpose, the remainder should go to his two sons, his legal heirs and natural objects of his bounty

We think this case controlled by the reasoning and rules stated in *Gadd* v. *Stoner*, 113 Mich. 689 (71 N. W. 1111); *Robinson* v. *Finch*, 116 Mich. 180 (74 N. W. 472).

The decree is affirmed, with costs.

MOORE, C. J., and BLAIR and STONE, JJ., concurred with STEERE, J.

OSTRANDER, J. (*dissenting*). In my opinion, the case is ruled by *Jones* v. *Jones*, 25 Mich. 401, and the decree overruling the demurrer should be reversed and a decree entered sustaining the demurrer.

McALVAY, J., concurred with OSTRANDER, J.

BROOKE, J. I agree that this case falls within *Jones* v. *Jones, supra,* but think that case should be squarely overruled. The decree should be affirmed.

BIRD, J., did not sit.