LABERTEAUX *v.* GALE.

Wills—Bequests—Beneficiaries.

> A life estate, and not an absolute fee, is created as the interest of a widow where a will devises the testator's estate to her with power of disposition and the remainder on such devisee's death to others.

Appeal from Calhoun; North, J. Submitted January 11, 1917. (Docket No. 105.) Decided May 31, 1917.

Bill by Frank Laberteaux, administrator *de bonis non* of the estate of Walter H. Bidwell, deceased, against O. Harry Gale, administrator with the will annexed of the estate of Purleyette K. Bidwell, deceased, Ella C. Hughes, Mae B. Frink, Clara M. B. Hornschurch, and others for the construction of the will of said Walter H. Bidwell and for an accounting. From a decree for plaintiff, defendants Hughes, Frink and Hornschurch appeal. Affirmed.

*Weeks & Cooper* (*Bernard J. Onen,* of counsel), for plaintiff.

*Beach & Beach* (*Herbert E. Winsor,* of counsel), for appellants.

Stone, J. The bill of complaint in this cause was filed for the purpose of having the last will and testament of Walter H. Bidwell, deceased, construed, and for an accounting.

The plaintiff is the administrator *de bonis non,* with will annexed, of said deceased. Walter H. Bidwell and his wife, Purleyette K. Bidwell, were residents of the former village, now city, of Albion. They had no children. Mr. Bidwell died on December 2,

1884, and was survived by his widow. He left a will, which was duly allowed by the probate court of Calhoun county, of which the following is a copy:

"I, Walter H. Bidwell, of the village of Albion, in the county of Calhoun and State of Michigan, being of sound mind and memory, and understanding; and while in bodily health and in the possession of all my estate, do make, publish and declare this my last will and testament, hereby revoking and annuling all and every former will by me at any time made.

"Item I. I give and bequeath to my wife, Purleyette K. Bidwell, all of my estate, both real and personal, and all and singular my lands, tenements and hereditaments, my goods, chattels, moneys and effects, credits and dues, whatsoever and wheresoever found, for her free and absolute use and benefit and control with all the income and produce thereof for her free and absolute use during the term of her natural life, during which time she shall have full power to sell, deed, convey, invest and reinvest and fully to execute all the powers and privileges and the rights of ownership unlimited therein and to use all thereof which she shall deem necessary or useful to her health, comfort and happiness.

"Item II. Upon the death of my said wife, Purleyette K. Bidwell, one-half of whatever may remain of said estate, both real and personal, I give, devise and bequeath to my legal heirs, to be divided equally between them for their use and benefit forever, and the other half of whatsoever may so remain, I devise and bequeath to the legal heirs of my said wife, to be divided equally among them and to be theirs forever.

"Item III. The preceding item is subject to the modification that my said wife has and shall have the right and privilege to dispose of one-half of whatsoever may remain at her death of said estate by will, and to give, devise and bequeath the same to any person or persons in any manner or form she may wish, with power to give full and complete title thereto to such devisees and legatees as she may name forever. This right to give, devise and bequeath one-half of the remainder of said estate applies only to the half of the remainder specified for her legal heirs and the other

half of the remainder shall go to my legal heirs as in item II provided.

"I hereby appoint my wife, Purleyette K. Bidwell, sole executor of this, my last will, and especially desire and direct that no bond or sureties be in anything required of or from her as such executor and I further direct that she be not required to make any return of property or render any account for or of the same in any manner, but I simply charge my property with all my just and lawful debts, and require her to pay the same.

"In witness whereof, I have hereunto set my hand and seal this 9th day of August, 1880.

"WALTER H. BIDWELL."

The will was duly attested. The widow, Purleyette K. Bidwell, was appointed executrix of the will, and on January 10, 1885, an inventory and appraisal were filed, showing assets of upwards of $27,000. She did not file any account or any petition for the closing of the estate, and apparently without any action on her part, and without any notice to the heirs, or persons interested in the estate, the probate court on July 3, 1885, discharged her. Mrs. Bidwell died on May 23, 1914, leaving a will dated May 18, 1885. The defendant O. Harry Gale was duly appointed the administrator with the will annexed of her estate. Soon after the death of Mrs. Bidwell, a petition was filed by two of the heirs of Mr. Bidwell in the probate court in the estate of Walter H. Bidwell, praying that the estate be reopened and administration *de bonis non* with the will annexed be granted to the plaintiff. This petition was granted, and this bill was filed. The administrator of Mrs. Bidwell's estate and all of the heirs of both Mr. and Mrs. Bidwell are before the court as defendants. The plaintiff, and the heirs of Walter H. Bidwell, deceased, contended below, and contend here, that it was the intention of the testator, Walter H. Bidwell, to give into possession of his widow all of his property, without distinction as to principal

or income, for her to freely enjoy and have the benefit of, so long as she might survive him, even to the extent of selling or consuming the whole or any part, but with the limitation that it was a matter personal to her, and that he intended the consumption, sale, or disposition authorized to be limited by what she might deem necessary or useful to her health, comfort, and happiness, and that what was left, if any, on her death, should go, one-half thereof to his legal heirs, to be divided equally between them, and the other one-half to the legatees mentioned in the last will and testament of said Purleyette K. Bidwell. On the other hand, certain of the legatees mentioned in Purleyette K. Bidwell's will, contended below, and contend here, that under the will of Walter H. Bidwell his widow becomes vested, as absolute owner, with title to all of his estate, and that the heirs of Walter H. Bidwell are not entitled to any part of said estate by virtue of his will. It was also claimed that the action of the probate court in discharging the executrix on July 3, 1885, was a construction of the will of Walter H. Bidwell and binding upon all parties. At the hearing below upon the pleadings and proofs, the latter consisting mainly of the will and the record proceedings, the trial court construed the will in favor of the contention of the plaintiff, and a decree was entered in accordance with such finding.

The learned circuit judge filed a written opinion which so clearly expresses our views that we insert a portion of it here. He said:

"The sole matter in controversy is whether this will by its terms vested in the wife of the deceased the absolute ownership and title to the property of which he died seised, or whether as to the one-half of such property, which the heirs of said deceased seek to recover, she was not possessed of such an absolute and unlimited title. I have given the briefs of counsel careful consideration, and I am brought to the conclusion

that to give the widow of the said Walter H. Bidwell the absolute title to all of his estate would be directly contrary to the desire of the deceased as expressed in his will, so far as it concerns the portion of his estate now sought by the complainant. So far as the disposition of the estate is concerned, this will consists of three comparatively brief paragraphs. If the court was to hold that this will vested the absolute ownership to the property in question in the widow, Purleyette K. Bidwell, we would not only be compelled to ignore portions of the first of said three paragraphs, but we would have to entirely exclude from the will, as being meaningless, the remaining two paragraphs.

"I have been much impressed with the similarity of the will which is now before the court, and that which was adjudicated in the case of *Jones* v. *Jones,* 25 Mich. 401. I think, however, there are further limitations in the case at bar, in that the widow was limited to such disposition of the estate as would be 'useful to her health, comfort, and happiness.' Also other terms of the will now under consideration seem to me to compel the construction thereof, which is in accordance with the contention of the complainant in this case, especially if we follow the rule laid down in the case of *Jones* v. *Jones, supra,* wherein it is said:

" 'In construing a will, the general intent, if it can be gathered from the whole instrument, will govern; and neither the usual sense of technical language nor the order of clauses will be allowed to disappoint the apparent and real purpose of the testator.' "

The defendants Ella C. Hughes and Mae Beadle Frink, two of the legatees mentioned in the will of Purleyette K. Bidwell, deceased, have appealed. In our opinion, to state this case is to decide it. In view of the numerous decisions of this court, we do not find it necessary to discuss cases arising in other jurisdictions.

The writer of this opinion had occasion to examine this question in a very similar case, and the decisions of this court in *Farlin* v. *Sanborn,* 161 Mich. 615 (126 N. W. 634, 137 Am. St. Rep. 525). We there said:

"Referring to the first question raised in this case, counsel for defendant have well said that there are two lines of authorities to be found in our reports which, on a superficial examination, seem to reach opposite conclusions on the same facts. A careful analysis of the cases, however, discloses a clear line of distinction. After a careful examination of our decisions, we are of opinion that the will of Charles D. Farlin here under consideration created a life estate in Sarah M. Farlin, with a vested remainder over to his heirs living at the time of his decease. In our opinion the case is ruled by the following cases in this court: *Glover* v. *Reid,* 80 Mich. 228 (45 N. W. 91) ; *Gadd* v. *Stoner,* 113 Mich. 689 (71 N. W. 1111) ; *Jones* v. *Deming,* 91 Mich. 481 (51 N. W. 1119) ; *In re Mallary's Estate,* 127 Mich. 119 (86 N. W. 541, 89 N. W. 348) ; *Defreese* v. *Lake,* 109 Mich. 415 (67 N. W. 505, 32 L. R. A. 744; 63 Am. St. Rep. 584) ; *Hull* v. *Hull,* 122 Mich. 338 (81 N. W. 89). Many other cases might be cited to the same effect.

"We leave this branch of the case by quoting the following language of Chancellor Kent, in *Jackson* v. *Robins,* 16 Johns. (N. Y.) 588:

"'We may lay it down as an incontrovertible rule that where an estate is given to a person generally or indefinitely, with a power of disposition, it carries a fee. The only exception to the rule is where the testator gives to the first taker an estate for life only, by certain and express words, and annexes to it a power of disposal. In that particular and special case the devisee for life will not take an estate in fee, notwithstanding the distinct and naked gift of a power of disposition of the reversion.'

"With this doctrine in mind we think that *Jones* v. *Jones,* 25 Mich. 401, *Dills* v. *La Tour,* 136 Mich. 243 [98 N. W. 1004], and kindred cases, are readily distinguishable from the case at bar."

See, also, *Clark* v. *Mack,* 161 Mich. 545 (126 N. W. 632), decided the same day as was *Farlin* v. *Sanborn.* Since that time we have had similar questions before us in the following cases: *In re Moor's Estate,* 163 Mich. 353 (128 N. W. 198) ; *Bateman* v. *Case,* 170 Mich. 617 (136 N. W. 590) ; *White* v. *Railway Co.,*

190 Mich. 1 (155 N. W. 719). In *Re Moor's Estate, supra,* Justice BROOKE quoted with approval the following language from *Mansfield* v. *Shelton,* 67 Conn. 390 (35 Atl. 271, 52 Am. St. Rep. 285):

"A life estate expressly created, will not be converted into a fee, absolute or qualified, or into any other form of estate greater than a life estate, merely by reason of there being coupled with it a power of disposition, however general or extensive."

To repeat the arguments and citation of authorities contained in *Bateman* v. *Case, supra* (a case not as strong for the complainant therein as is the instant case), would be a work of supererogation. In our opinion the *White Case* falls into the class with *Jones* v. *Jones, supra,* and may be distinguished from the instant case. We think that the instant case is a very clear one in favor of the contention of plaintiff.

We do not feel called upon to construe the will of Purleyette K. Bidwell, deceased, upon this record.

We do not think there is any merit in the claim that the probate court construed the will of Walter H. Bidwell, deceased, when the executrix was discharged. What we said in *Farlin* v. *Sanborn, supra,* on a similar claim is applicable here.

The decree of the court below is affirmed, with costs against the appellants.

OSTRANDER, BIRD, MOORE, and STEERE, JJ., concurred with STONE, J.

KUHN, C. J. (*concurring*). I concur in the conclusion reached by Justice STONE, but I am further of the opinion that, in so far as there is any conflict in the cases, *Jones* v. *Jones,* 25 Mich. 401, and kindred cases, should be overruled.

BROOKE and FELLOWS, JJ., concurred with KUHN, C. J.